## GLENTWORTH *vs.* LUTHER.

One who is employed, as a broker, to sell real estate, in the nature of things can do nothing more than find a party who will be acceptable to the owner, and enter into a contract of purchase with him; unless the owner makes him more than a mere broker, by giving him a power of attorney to convey the property, and then the agent would cease to be broker and become the attorney.

A broker becomes entitled to his commissions whenever he produces to his principal a party with whom the owner is satisfied, and who contracts for the purchase of the property at a price acceptable to the owner.

If after that, the purchaser refuses to perform, because of the false representations of the owner, respecting the property, this will not deprive the broker of his commissions.

APPEAL from a judgment entered upon the report of a referee. The action was brought by the plaintiff to recover his commission as a broker, for negotiating the sale of a house and lot in the city of New York, at the defendant's request; being one per cent upon $19,000, and interest. The answer denied the allegations in the complaint. The cause was refered to a referee, who found the following facts:

That the plaintiff, being a broker in real estate in the city of New York, in the month of August, 1854, was employed by the defendant to sell for him a house owned by him, No. 40 West 17th street, in the city of New York. That the plaintiff, pursuant to such employment, negotiated a sale thereof to William Mootry, at the price of $19,000, and that pursuant thereto a contract was on the 26th day of August, 1854, entered into between

said Mootry and the defendant, whereby the defendant agreed to sell and convey, and Mootry agreed to purchase said house, at that price ; that said contract was in writing, under the hands and seals of the parties thereto, and duly executed and delivered.   That said contract was induced and procured by the defendant by representations made by him to said Mootry, which were false and fraudulent and material in their character, and without them Mootry would not have entered into said contract. That the defendant duly tendered Mootry a deed of the house in pursuance of the contract, and was ready and offered to fulfill on his part.   That Mootry declined to receive the deed and fulfill on his part, because of the falsity of the representations of the defendant by which he had been induced to enter into the contract.   That the usual and reasonable rate of compensation or brokerage for selling real estate in the city of New York is one per cent, or one dollar on a hundred, of the amount of the price of sale.   From these facts the referee found as matter of law, that the plaintiff was entitled to recover from the defendant, as compensation or brokerage, $190 and interest on said sum from the 26th day of August, 1854, at the rate of seven per cent, which, at the date of his report, amounted to $197.57, besides costs.

From the judgment entered upon the report the defendant appealed.

*T. Romeyn*, for the appellant.

*Thomas G. Whitehead*, for the plaintiff.

*By the Court*, Cowles, J.   There can be no doubt as to the extent of the duties to be performed by one who, as broker, is employed to sell real estate.   In the nature of things he can do nothing more than find a party who will be acceptable to the owner and enter into a contract of purchase with him ; unless the owner makes him more than a broker merely, by giving him a power of attorney to convey the property, and then the employee would cease to be merely broker, and become the attorney.

Glentworth v. Luther.

If such is the extent of the broker's duties, then the testimony of the two Bleeckers, in stating the time when by custom, either in their own cases or generally, the broker becomes entitled to his commissions, was supererogatory ; for the law fixes the time as of the date when the broker produces to his principal a party with whom the owner is satisfied, and who contracts for the purchase at a price acceptable to the owner.

That the commission is due to the broker at that time is manifest from the fact, that when this is done the broker has exhausted his power to act. He can do no more, unless he is clothed with a power of attorney to convey the property and receive the purchase money. And having thus done all that it is possible for him to do, he has certainly done all that he can be held to have contracted to do. The plaintiff had therefore earned his commission as soon as the defendant and Mootry signed the contract. If, after that, Mootry refused to perform because the defendant had made unfounded representations as to the house and the character of the partition walls, it was no fault of the plaintiff's, and will not excuse the defendant from paying him the regular commissions.

The defendant objects that the proof shows that the plaintiff did not negotiate the sale ; that this was done by the defendant himself. This I might incline to believe was correct, except for the defendant's admission at fol. 19 of the case, to the effect that the plaintiff negotiated the sale to Mootry, which admission is conclusive.

The examination of Mootry, after the defendant had rested, does not seem from the case to have been irregular. There was no stipulation that Mootry should not be recalled ; nor does the case show that the defendant could have been in any way taken by surprise. The stipulation to strike out did not go to the extent of providing that none of the facts to which he had testified should be introduced as testimony, at all.

The report of the referee appears to be in all respects correct, and the judgment appealed from must be affirmed, with costs.

[NEW YORK GENERAL TERM, November 5, 1855. *Mitchell, Clerke* and *Cowles*, Justices.]