By the Court,
Robertson, Ch. J.
The request on the trial, on the defendant's part, to charge the jury in this case, that the agreement in controversy was void, if it was made in reference to the influence of the plaintiff or his friends; with members of the administration, or persons connected therewith whose duty it was to act in the purchase of steamers* and the commission fixed in reference • to that influence, was properly refused. No such defense was set up in the answer, and any evidence to that effect, if introduced, would not authorize an amendment to it under the 173d section of. the Code, because the verdict was for the plaintiff. The only evidence approaching such a state of things was the plaintiff’s declaration, before the contract was made, that he knew some members of the administration and had friends who could introduce him to others, and do something, and would have to pay part of the commission to friends vvhom he depended upon “ to assist him in selling” the steamships in question, and his statement, after the attempt by the defendant to revoke his authority, that he had “ friends," or there were “ persons who were interested in the contract,” jvllo would not consent to give it up; This did not show an understanding that any corrupt or improper influence was to be used. The plaintiff was not then an officer of the United States government. And I am not aware of any principle or authority which prevents a party from using legitimate influ *536 ence in a proper way to accomplish a result and receiving compensation therefor.
The instrument sued upon was not a mere power ; it was a contract. If the services of this plaintiff rendered in pursuance of it, tended in any way to promote the sale afterwards made, the defendant had no right to terminate the contract by a revocation of the power. The contract was entire, and the defendant could not deprive the plaintiff of full compensation by preventing him from carrying it out. Any request to charge to the contrary was properly refused.
The terms and price of the sale of the vessel was evidently left indefinite in the contract intentionally. It was not a sale of the vessels, but an agreement to compensate at a high rate of commission in order to stimulate the plaintiff to procure the highest price possible. The plaintiff’s rate of compensation or right to any was not to depend on the defendant’s disagreement as to terms, by his refusal of offers, brought about by the ■plaintiff, but on his acceptance of one or more of them. If the sale in question was brought about by the plaintiff’s means, in legal contemplation, both parties agreed in fact to the terms. The third request of the defendant’s counsel to instruct the jury was properly refused.
The defendant, who was president of the company that owned the vessels, arid who finally conducted the negotiations on their part, which led to a sale, was apparently empowered to select agents to dispose of their property, and having employed the plaintiff for the purpose, bound himself individually by a contract under seal to pay the latter the commission in question, whenever a sale should be effected as a consequence of .his exertions. The contract did not contemplate a sale by the defendant of his own property, but a sale of certain vessels by the then owners. It would be rather an extraordinary doctrine that because a. party knew that another was not the owner of property, he was not entitled to paymdnt from him of commissions in case of its sale, for which he became personally responsible. The allegation in the complaint of the party who sold the vessels, if at variance from the fact as proved, may be
*537 amended, to conform to it. The seventh and eighth ¿requests to instruct the jury on the part of the defendant, were therefore properly refused.
No action of the government in dealing directly with the principals, could deprive the broker who brought them together to settle the terms of a purchase, of his commissions, and particularly could not terminate a contract between the principal and his broker. The sixth and ninth requests to instruct the jury, were therefore properly disregarded.
There was sufficient evidence in the case to show active measures taken by the plaintiff in consequence of the contract in question, to bring the steamers in question to the notice of the federal government; and induce it to buy them. He presented them to the notice of its officers; went with a commission to examine them, which he testifies without contradiction was so sent in consequence of his action; called the attention of the newly appointed government agent to them ; ascertained the intended course of the government in regard to the purchase of steamers by direct negotiation with owners, and communicated to the defendant such intended action, and they consulted together as to the terms. There was no request to charge the jury in relation to any abandonment by the plaintiff of the contract as set up in the answer; if it is to be considered as amounting to that. The testimony of the two parties is conflicting upon that point, and it is to be presumed that the jury were satisfied no such abandonment ever took place. The doctrine of the case of Barnard v. Monnot, (34 Barb. 90,) was inapplicable, as in that case the new contract was essentially different from the negotiation which fell through. A principal cannot deprive his broker of his commissions by taking the affair into his own hands and completing a negotiation for a sale, (Morgan v. Mason, 4 E. D. Smith, 636; Chilton v. Butler, 1 id. 150;) much less deprive him of the' benefit of the initiatory steps taken by him, by revoking his authority to complete the transaction. Neither the inability of the principal nor the refusal of the third party to complete the contract will destroy the right to commis *538 sions. (Glentworth v. Luther, 21 Barb. 145. Holly v. Gosling, 3 E. D. Smith, 262.) Mere length of time between the. inception and completion of the negotiation, or even interruptions in it do not affect the right, if the final consummation be fairly attributable to the first steps taken by the broker. (Morgan v. Mason, ubi sup.) It is sufficient for a broker, in. order to entitle himself to commissions on a sale, to produce to his principal a purchaser with whom he is satisfied, and with whom he completes the bargain for making which the broker was employed as an agent. (Glentworth v. Luther, ubi sup.) The cases fully justify the charge of the learned judge before, whom the cause was tried, that the main question for the jury to determine was whether the plaintiff’s action in the matter directed or drew the attention of the navy department of the United States, or its agent, to these steamers, as vessels for sale, and led to negotiations that resulted ithe purchase. (Murray v. Currie, 7 C. & P. 584. Wilkinson v. Martin, 8 id. 1. Burnett v. Bouch, 9 id. 620. Jewett v. Empson, ante, p. 165.) He was not bound to charge as requested by the defendant’s counsel in the language of some of the cases, that the plaintiff’s agency was the procuring cause of the sale. The only conditions precedent to a right to recover are, the original discovery of the purchaser and the starting of the negotiations by the broker, and a final closing of the bargain by or on behalf of the principal. The first request to charge was therefore refused.
An exception taken to the refusal to admit a draft of an agreement in evidence was obviated by its subsequent introduction. I am unable to see how the draft of an agreement proposed by the plaintiff to be, but never, in fact, made by the defendant, which was excluded, or, the intention of the plaintiff in i:upsetting” a committee at Washington had any bearing on any question at issue. The fact that the plaintiff had a conversation with a public officer as to the sale of the vessels was pertinent, as showing his efforts. What he said was not admitted. The resolution of the company to sell their steamboats was immaterial, unless it tended to prove a want *539 of authority to transfer the title. It is not in the case to enable us to judge of its materiality. An attempt to prove the usual commissions for selling vessels was properly excluded. The conversation with the government agent was properly admitted to show the'plaintiff’s movements in bringing about a sale. The proof that the plaintiff was on board of one of the vessels when the government officers were also on board, was proven for .the same purpose. These comprise all the exceptions insisted upon.
There being no error in the admission or rejection of testimony, or the charge of the judge in the matters excepted to, the judgment should be affirmed with costs.(a)

 This decision has been recently affirmed in the Court of Appeals.