CHARLES F. BAILEY, Respondent, *v.* JAMES F. CHAPMAN, Appellant.

1. *Practice—Trials—Evidence.*—The admission of evidence out of its proper order is a matter within the sound discretion of the court trying the cause.

2. *Contract—Sale—Broker—Services.*—A broker employed to make a sale under an agreement for a commission is entitled to payment when he makes the sale in good faith according to instructions, and the principal cannot relieve himself from his liability by refusing to consummate the sale, or by any voluntary act of his own disabling him from performance.

*Appeal from St. Louis Circuit Court.*

Plaintiff's instruction given:

"If the jury believe from the evidence that the defendant employed the plaintiff to sell the real estate described in the petition for one hundred dollars per foot, one third cash, one third in one year, and one third in two years; that the said plaintiff undertook to sell said property for said price and upon said terms; that said plaintiff procured a purchaser for said lot at said price and upon said terms, and reported the same to said defendant; that said defendant had, after said employment and before said plaintiff reported said sale to said defendant, sold said lot without notifying said plaintiff of said sale, and that said defendant refused to ratify said sale made by said plaintiff, then the jury will find for the plaintiff in such sum as his services were worth, unless the jury further find that plaintiff was expressly requested not to make a sale without first informing the defendant, and that he failed so to do."

The defendant's instruction is as follows:

"If the jury believe from the evidence that Charles F. Bailey was instructed to see James F. Chapman before making sale and failed to do so, and if they believe that Mr. Kaime, or any other agent, was authorized to sell, and that Chapman actually sold the property described in the deed offered in evidence on the 6th of June, 1866, at least one week before Bailey claims to have sold the same property, then said Bailey cannot recover."

*Wm. S. Pope,* for appellant.

*Ewing & Holliday,* for respondent.

WAGNER, Judge, delivered the opinion of the court.

The objection that the court permitted the plaintiff to be recalled and re-examined could not have operated to the serious detriment of the defendant, and no advantage can be

taken of it on error, as it was a matter resting in the sound discretion of the court. No exceptions were taken to the instructions ; but we have examined them and think they are wholly unobjectionable, and correctly expound the law as applicable to the case made by the pleadings and evidence. The testimony was conflicting, but it was for the jury to weigh and attach to it whatever importance they deemed it deserved.

A broker employed to make a sale under an agreement for a commission is entitled to pay when he makes the sale according to instructions and in good faith, and the principal cannot relieve himself from liability by a refusal to consummate the sale, or by a voluntary act of his own disabling him from performance—Wentworth v. Luther, 21 Barb. 145 ; Kock v. Emmerling, 22 How. (U. S.) 69 ; Moses v. Burling, 31 N. Y. 462.

The verdict of the jury entirely negatives the defence made by the defendant, that the plaintiff was to communicate with him before closing any contract of sale.

Judgment affirmed. The other judges concur.