Evans & Howard Fire Brick Company, Appellant, v. St. Louis & San Francisco Railway Company, Respondent.

St. Louis Court of Appeals, April 20, 1886.

1. Juries—Special Findings—Objections to Jury's Answer—Practice.—Objections to the answer of a jury to a special question must be made before the jury is discharged ; it comes too late on appeal.

2. ——— An objection to a jury's answer on the ground that it states that the jury " believe " or " do not believe," is without merit.

3. ——— The special findings of a jury are generally sufficient if they are consistent with the general verdict.

4. Pleadings—Negligence—Railroads.—There can be no recovery for the killing, by a railroad company, of a domestic animal within the limits of an incorporated city, without allegation and proof of negligence.

5. ——— Contributory Negligence.—Although contributory negligence is, generally, an affirmative defence which must be pleaded, yet, if an inference of contributory negligence arises from the plaintiff's testimony, the question is properly submitted to the jury.

Appeal from the St. Louis Circuit Court, Amos M. Thayer, Judge.

*Affirmed.*

T. K. Skinker, for the appellant : The answer of the jury to the first interrogatory is too uncertain to have any effect as a verdict. It expresses the belief of the jurors, but does not amount to a finding by the jury. *Hopkins v. Stanley*, 43 Ind. 558 ; *Housworth v. Bloomhuff*, 54 Ind. 587 ; *Davis v. City of Farmington*, 42 Wis. 433 ; 3 Black. Com. 377 ; *Carroll v. Bohan*, 43 Wis. 218 ; *Williams v. Willis*, 7 Abb. Pr. 90 ; 3

Chitty Crim. Law, 643; *Diehl v. Peters*, 1 Serg. & R. 367; *Birckhead v. Brown*, 5 Hill, 635; *Cleveland Ins. Co. v. Ins. Co.*, 98 U. S. 374. It is well settled that, in actions on statutes like section 809, it is immaterial that the company may have been guilty of no negligence in running its train. *Gorman v. Railroad*, 26 Mo. 452. And equally immaterial that the plaintiff may have been guilty of contributory negligence. *Railroad v. Lull*, 28 Mich. 510–515; *Railroad v. Townsend*, 10 Ind. 38; *Corwin v. Railroad*, 13 N. Y. 42; *Horn v. Railroad*, 35 N. H. 169; *Waldron v. Railroad*, 8 Barb. 390; *Matthews v. Railroad*, 18 Minn. 434, 442; *Congdon v. Railroad*, 56 Vt. 390; *Cressey v. Railroad*, 59 N. H. 564; 47 Am. Rep. 227. The plaintiff had a right to rely upon the protection of the statute, and was not bound to look to the safety of his mule. The plaintiff's conduct was not contributory negligence. *Wilder v. Railroad*, 65 Me. 332; 20 Am. Rep. 698; *McCoy v. Railroad*, 40 Cal. 532; 6 Am. Rep. 623; *Rogers v. Railroad*, 1 Allen, 16; *Shepard v. Railroad*, 45 N. Y. 644. Contributory negligence is a matter of affirmative defence, the burden of which rests on the defendant. *Buesching v. Gas Light Company*, 73 Mo. 229; *Stephens v. Macon City*, 83 Mo. 345, 358. Every affirmative defence must be specially pleaded. *Northrup v. Insurance Co.*, 47 Mo. 435, 443; *The State v. Williams*, 48 Mo. 210; *Kersey v. Garton*, 77 Mo. 645. Contributory negligence must be specially pleaded; and the facts which constitute it must be set out. *Harrison v. Railroad*, 74 Mo. 369; *Thompson v. Railroad*, 51 Mo. 190. There was no plea of contributory negligence in this case. It was, therefore, error for the court to instruct upon it. *Nugent v. Curran*, 77 Mo. 323; *Mosman v. Bender*, 80 Mo. 579; *Gordon v. Madden*, 82 Mo. 193. There being no such plea, even if there was evidence tending to support such a defence, the court should not have instructed upon it. *Bank v. Armstrong*, 62 Mo. 59; *Camp v.*

*Heelan,* 43 Mo. 591 ; *Fulkerson v. Thornton,* 68 Mo. 468.

John O'Day and E. D. Kenna, for the respondent : "By a special verdict is not meant the finding of an isolated fact tending to support or defeat an issue." *Housworth v. Bloomhuff,* 54 Ind. 499 ; *Bird v. Lanius,* 7 Ind. 615. The court will presume everything which can fairly be presumed in favor of a special finding. *The State v. Fuller,* 1 Bay (S. C.) 243. If the answer was not sufficiently definite it was the plaintiff's right to insist upon a more definite one before the jury was discharged. If he chose to stand by, allow the jury to be discharged, and accepted the verdict without protest, he can not now, consistently with justice or authority, be heard to object. He had his opportunity to act, he has waived it. *McElfresh v. Guard,* 32 Ind. 409 ; *Bradley v. Bradley,* 45 Ind. 72 ; *Revere v. Plough,* 41 Ind. 207 ; *Noble v. Evans,* 19 Ind. 81 ; *Railroad v. Powtor,* 14 Kan. 51 ; *Arthur v. Wallace,* 8 Kan. 267 ; *Powder Co. v. Vurgutz,* 6 Kan. 488 ; *Blackley v. Sheldon,* 7 Hill 32 ; *Algier v. Maria,* 14 Cal. 167 ; *Bakron v. Saugler,* 47 Wis. 500 ; *Vargo v. Railroad,* (S. C. of Minn.) 11 A. & E. Ry. C. 421 ; *Railroad v. Letcher* (S. C. of Ky.) 12 A. & E. Ry. C. 61. On the other hand it is a well settled principle that a general verdict presumes the existence of every fact necessary to support it which is not contradicted by the special findings of fact. *Connor v. Humes,* 49 Ind. 482 ; *Schulte v. Law,* 65 Ind. 343. And when a finding is susceptible of it that construction will be put upon it which is consistent with the general verdict. *Railroad v. Ritz* (S. C. of Kan.) 19 A. & E. Ry. C. 611 ; *Simpson v. Greeley,* 8 Kan. 586. The plaintiff could have no standing under section 2124, until it had showed that the accident happened at a place where the plaintiff could have and did not fence. *Tiarks v. Railroad,* 58 Mo. 50 ; *Wymore v. Railroad,* 79 Mo. 249 ; *Edwards v. Railroad,* 66 Mo. 569. The

rule requiring that contributory negligence be pleaded does not apply to a case in which the proofs in behalf of the plaintiff show, or tend to show, his contributory negligence. If such negligence conclusively appears the court will non-suit; if it only tends to show such contributory negligence, then the question must go to the jury. 2 Thompson on Negligence, 1178 ; *Hoyt v. Hudson*, 41 Wis. 105 ; *Railroad v. Northenius*, 40 Ohio St. 376 ; *Railroad v. Stebbing*, 19 A. & E. Ry. C. 36 (S. C. Md). " It is undoubtedly the law that, if it appears by the plaintiff's evidence that his own negligence contributed to the injury, that it is the duty of the court to nonsuit." *Express Co. v. Nichols*, 33 N. J. 438 ; *Railroad v. Moore*, 4 Zab. 824 ; *Rowe v. Wetherstick*, 22 Minn. 152.

Lewis, P. J., delivered the opinion of the court.

This is an action for the killing of the plaintiff's mule by a running locomotive of the defendant. The petition contained three counts. The first was for a negligent killing, with a specification that the train was running at a rate exceeding six miles an hour within the limits of the city of St. Louis, in violation of a municipal ordinance. The second charged that, at a point where the defendant's railroad was not enclosed by a lawful fence, and where there was no crossing of any public highway, the defendant so ran and operated its locomotive and train as to run against and kill the plaintiff's mule. The third count was dismissed before the trial. The verdict was for the defendant.

The testimony tended to show that the defendant's railroad ran from east to west through the plaintiff's yard and premises for the manufacturing of fire-brick, and skirted the river Des Peres which lay on the south side. South of the river was a twenty acre lot of the plaintiff's used for pasturage and other purposes. This lot was enclosed by a wire fence, with an opening at a bridge and a private crossing, making a passway from

the lot to the yard on the north side. There were "gate poles" at this opening, which were very rarely closed. All these structures were the property of the plaintiff, and under its exclusive control. At the time of the accident, an employe of the plaintiff was driving a horse and two or three mules from the south lot across the bridge and railway to the brick-yard on the north. He heard the whistle of the locomotive coming from the east, when it was a quarter of a mile from the crossing, and first saw the train at one hundred and fifty yards from the same point. When the animals saw the train, they started in a run to cross the track. One mule was behind the others, and jumped over the track in front of the locomotive, falling down the embankment on the north side. It died in about an hour. On one point, there was a direct conflict among the witnesses of the scene. Some of them swore positively that the locomotive did not strike the mule, and others were quite as positive of the contrary. It appears that all of them occupied favorable points for observation. The court, of its own motion, gave the following instructions:

"1. The court instructs the jury that under the pleadings and evidence in this case, plaintiff is not entitled to recover on the second count in its petition, and you will find for the defendant on said second count."

"2. If the jury believe, from the evidence, that plaintiff's mule was struck by one of defendant's engines and received injuries of which it died; and if you further believe that the killing of said mule was the immediate result of any want of ordinary care or prudence on the part of defendant's servants, who had charge of the engine and were operating it at the time of said killing, and if you further find that plaintiff and its servants were not guilty of any negligence that directly contributed to the collision, then you should find in plaintiff's favor for the market value of said mule."

"3. If you find that the mule was struck and killed by one of defendant's engines at a private crossing,

maintained by plaintiff, across defendant's track and within the corporate limits of the city of St. Louis, and if you believe that defendant's engine, at the time the mule was killed, was being run at a rate of speed exceeding six miles per hour ; and if you further believe, from the evidence, that the killing of said mule was due to the fact that said engine was running at a rate of speed exceeding six miles per hour, and that plaintiff and its servants were themselves without fault directly contributing to the injury, then you should find for plaintiff."

"4. To entitle plaintiff to a verdict, it must show to your reasonable satisfaction that defendant's engine struck the mule and so caused its death, and further that the collision was occasioned by want of ordinary care on the part of defendant's servants who had charge of the engine. If the evidence fails to satisfy you as to either of these propositions you must find for defendant."

"5. If you believe that plaintiff's servants, by want of ordinary care on the occasion of the killing of the mule, directly contributed to such disaster, then you should find for defendant."

"6. If you believe, from the evidence, that the death of the mule was occasioned by an accident (meaning by the term accident, something that happens without want of ordinary care on the part of any person), then you should find for defendant."

"7. Even though you believe that defendant's engine collided with the mule and was running at a rate of speed exceeding six miles per hour, yet these facts will not warrant a verdict for plaintiff unless you further believe, from the evidence, that such excessive rate of speed was the immediate cause of the killing of the mule, and that if the engine had been running at a rate of speed not exceeding six miles per hour, the collision would not have happened."

The court also directed the jury to return a general verdict, and, in addition, to write their answers to certain

questions submitted to them, answering the same according as they should find the facts to be under the evidence. The questions with the answers returned by the jury were as follows :

" 1. Was plaintiff's mule struck or injured by the engine or cars of defendant? Answer. We do not believe it was.

" 2. Were the engineer and fireman on defendant's train, at the time the collision with plaintiff's mules is alleged to have occurred, in the exercise of ordinary care? Answer. Yes.

" 3. Could plaintiff, its agents, or servants, by the use of ordinary care have prevented the injury to its animal? Answer. Yes.

" 4. If you believe that plaintiff's mule was struck by the engine and cars of defendant, you will state whether or not the witness, Richards, could, by the exercise of ordinary care, have prevented the mule being struck by the engine? Answer. Yes.

" 5. At what rate of speed was defendant's train running at the time it crossed the private crossing of plaintiff, where the mule is alleged to have been struck? Answer. We believe it was running at a greater speed than six miles per hour."

The plaintiff objects that the jury's answer to the first question put to them was not sufficiently positive and certain in its terms ; that their mere belief touching the matter of inquiry was not responsive to the question, and not in proper form for a verdict. If the objection had any merit, it would not be available here, because it comes too late. It should have been offered in the circuit court, before the jury were discharged. They could then have been directed to make their answer more definite and certain. *McElfresh v. Guard*, 32 Ind. 409 ; *Bradley v. Bradley*, 45 Ind. 72 ; *Powder Co. v. Vurgutz*, 6 Kan. 488. But there is nothing in the objection, on its merits. The *belief* of the jury, derived

from the evidence, is the basis of every verdict, and is so generally made to appear in the form of the instruction. "If you believe from the evidence," etc. Where the jury are to return a special verdict of all the facts in the case, and nothing more, great certainty is required, to enable the court to pronounce finally upon the issues, and, applying the law to the facts, to render the proper judgment. But if the jury are also to find a general verdict, it is usually considered sufficient if their special findings are *consistent* with the general verdict. *Connor v. Humes*, 49 Ind. 482; *Schulte v. Law*, 65 Ind. 343.

It is objected that the first instruction was erroneous, because there was evidence tending to show that the mule was killed by collision with the engine at a place where the defendant's road was not inclosed by a lawful fence, and where there was no crossing of a public highway. Rev. Stat., sect. 2124. The objection is untenable. One of the conditions of liability without proof of negligence, under the statute referred to, is, that the accident shall have occurred on a portion of the road "that may be inclosed by a lawful fence." It is not stated in the petition that this condition existed. The accident occurred at a place within the limits of the city of St. Louis, and there can be no presumption that the company could have fenced at that point. Without the conditions stated, negligence must be alleged and proved, in order to create a liability. But no negligence was alleged in the second count of the petition, which the instruction withdrew from consideration by the jury.

The first and only remaining count in the petition based a right of recovery wholly on the fact of negligence in running and operating the train. It was, therefore, altogether proper for the court to instruct the jury on the law of negligence, and the plaintiff's objections to the fourth instruction, as being inapplicable to the issues, can not be sustained.

It is argued that contributory negligence on the part of the plaintiff is an affirmative defence, and can not be considered unless specially set up in the answer ; which was not done in the present case. As a general rule, the proposition is correct; but a well settled exception prevails where the fact of contributory negligence is brought out by the plaintiff's own case. At least, while the cases are not exactly harmonious in their treatment of the general doctrine, this exception is fairly deducible from a comparison of all the authorities. Thompson on Negligence, 1178. *Hoyt v. Hudson*, 41 Wis. 105; *Railroad v. Whitacre*, 35 Ohio St. 627 ; *Hays v. Gallagher*, 72 Pa. St. 140. In the present case, all the suggestions of contributory negligence arose from the testimony given for the plaintiff. Richards, a witness for the plaintiff, testified to his own conduct on the occasion, as an employe of the plaintiff, and the jury answered the fourth question put to them, by declaring that, if there was in fact a collision, "Richards could, by the exercise of ordinary care, have prevented the mule being struck by the engine." It follows that there was no error in the giving of the fifth instruction, although contributory negligence was not specially pleaded by the defendant.

The instructions presented to the jury a fair and accurate exposition of the law of the case. The trial was without fault that we can discover, and we find nothing in the record to justify a disturbance of the result.

The judgment is affirmed, with the concurrence of all the judges.