W. B. PHISTER, Respondent, v. HOWARD GOVE, Appellant.

48 455
93 5 19

Kansas City Court of Appeals, February 8, and March 7, 1892.

1. **Contracts: PLAINTIFF'S PERFORMANCE.** Where a broker in compliance with his contract secures the required loan, which the defendant refuses to accept, he is entitled to recover his agreed compensation.

2. **Instructions: EVIDENCE: BASIS OF VERDICT.** The belief of the jury derived from the evidence is the basis of every verdict, and is so generally made to appear in the form of the instruction ; but when it does not so appear such would be the inevitable inference, unless there should be something in the language of the instruction to destroy it.

3. ———: **REPUGNANCY: HARMLESS ERROR.** Where appellant's and respondent's instructions are repugnant, but respondent's are right and appellant's wrong, the error is harmless.

4. **Contracts: BROKERS, TO PROCURE LOAN: PERFORMANCE: TENDER.** A broker, who agrees to procure a loan, performs his contract when he secures a company able, willing and ready to make the loan, and is not bound to tender, or cause to be tendered, the amount of the loan procured before he is entitled to his reward for his service.

5. **Evidence: PLEADING: ANSWER: WRITTEN CONTRACT.** In an action on a written contract evidence will not be received under a general denial to vary the terms of the contract ; to render such evidence admissible the answer should have pleaded the subsequent modification of the written contract, especially where it goes to defeat or avoid plaintiff's cause of action.

*Appeal from the Jackson Circuit Court.*—HON. JAMES GIBSON, Judge.

AFFIRMED.

*Gates & Wallace*, for appellant.

( 1 ) The pla' tiff declared on one cause of action and recovered on another. His suit was for the contract price of the work alleging performance. He was

allowed to recover damages on the theory that defendant had prevented him from performing the contract, in other words there was a failure of proof of the allegations set out in the petition. And the instructions given on behalf of the plaintiff did not correspond with the petition. *Bennett v. Car Co.*, 23 Mo. App. 587; *Ream v. Watkin*, 27 Mo. 516; *Gammage v. Alexander*, 14 Tex. 414; *Cherry v. Newby*, 11 Tex. 457; *Webber v. Ins. Co.*, 5 Mo. App. 51; *Huston v. Scale Works*, 56 Mo. 416; *Eyerman v. Cemetery Ass'n*, 61 Mo. 489; *Davis v. Brown*, 67 Mo. 313; *Clements v. Yates*, 69 Mo. 623; *Link v. Vaughn*, 17 Mo. 585; *Landeen v. Railroad*, 79 Mo. 278; *Colt v. Miller*, 10 Cush. 49. (2) The second instruction given on behalf of the plaintiff, and the second instruction given on behalf of the defendant, were inconsistent and contradictory. *Frederick v. Allgaier*, 88 Mo. 598; *Stone v. Hunt*, 94 Mo. 481; *Wood v. Steamboat*, 19 Mo. 529; *Thomas v. Babb*, 45 Mo. 386; *Bell v. Trans. Co.*, 45 Mo. 562. (3) The second instruction given on behalf of the plaintiff is also erroneous because it does not require the jury to base their finding on the evidence, and does not even require them to believe the facts supposed in the instruction. Sackett on Instructions, p. 25; *Parker v. Fisher*, 39 Ill. 164; *Gizler v. Witzel*, 82 Ill. 322. (4) The court erred in excluding the evidence offered by the defendant to the effect that, if the Patterson loan was made, the loan in question would not be closed. The contract sued on provided for the payment of a commission on the closing of the loan. This evidence should have been admitted, not to vary the writing, but to place the court in the exact situation of the parties in regard to the surrounding circumstances, and to assist the court in construing the contract. In the light of the circumstances relating to the Patterson loan, it is a fair construction of the language of this contract that no commission was to have been paid unless the loan was closed. Greenl. Ev., sec. 295*a*.

*Robinson, O'Grady & Harkless,* for respondent.

( 1 ) Respondent was not to make the loan himself, but to obtain one for appellant. He acted as a broker only. And under such circumstances he has performed his contract as a broker when he procures a party who is willing to make a loan on the terms required by the borrower, and brings the two parties together, and the loan is accepted. *Budd v. Zoller,* 52 Mo. 238; *Love v. Owens,* 31 Mo. App. 501; *Harwood v. Diemer,* 41 Mo. App. 48; *Carpenter v. Rynders,* 52 Mo. 278; *Bailey v. Chapman,* 41 Mo. 536; *City v. Foster,* 18 Mo. App. 639. ( 2 ) The instruction, numbered 2, given for appellant, and the instruction, numbered 2, given for respondent, were not inconsistent or contradictory, but are construed together in perfect harmony. *Blaydes v. Adams,* 35 Mo. App. 526. ( 3 ) The second instruction, given on behalf of plaintiff, is not erroneous on the ground that it does not require the jury to base their finding on the evidence. *Evans v. Railroad,* 21 Mo. App. 648; *McGuire v. Railroad,* 23 Mo. App. 325. ( 4 ) The court committed no error in excluding the testimony. *Northrup v. Railroad,* 47 Mo. 435; *Kersey v. Garton,* 77 Mo. 645; *County v. Wood,* 84 Mo. 489; *Pembroke v. Railroad,* 32 Mo. App. 61.

SMITH, P. J.—The plaintiff and defendant entered into a certain written contract which provided amongst other things "that in consideration of the services of said Phister in obtaining for said Gove $19,000 on the property, describing it, said Gove agrees to pay said Phister $475," etc. On this contract the plaintiff sued defendant. In the petition it was alleged that in pursuance of the contract plaintiff procured for and proffered defendant a loan of $19,000 on defendant's said property, and performed the contract in every particular on his part, and that the defendant refused

without cause to accept said loan so procured and proffered, etc. Wherefore the plaintiff prayed judgment for said sum of $475, etc. The answer was a general denial. There was a trial and judgment for plaintiff, and from which defendant has appealed.

I. The appealing defendant contends that there was a lack of correspondence between the allegations in the petition and the proof adduced in support thereof. It would subserve no useful purpose to set forth the evidence in full. It is sufficient to say that the plaintiff in his capacity of broker procured a party, the New England Trust Company, who was ready and willing to make the loan to the defendant on the terms he required. The managing officer of this company had examined the defendant's property, and was satisfied with it as a security of the loan defendant had applied to it for. The plaintiff brought the defendant and the trust company together, and the latter accepted the loan. The defendant in his application obligated himself if the loan was accepted to furnish an abstract of the title to the property. This he subsequently declined to do, so that the negotiation fell through at that point. The plaintiff did all that was required of him by his contract. He procured the loan which defendant neglected to take. He could have done nothing more if the defendant had taken the loan. It was no fault of the plaintiff that the defendant declined to take it. Under such circumstances the defendant cannot under the terms of the contract escape liability to plaintiff. The case is that of a contract wholly performed on the side of the plaintiff. The cause of action was properly stated and proven. These views find support in the following cases: *Budd v. Zoller*, 52 Mo. 238; *Carpenter v. Rynders*, 52 Mo. 278; *Bailey v. Chapman*, 41 Mo. 536; *Love v. Owens*, 31 Mo. App. 501; *Harwood v. Diemer*, 41 Mo. App. 48; *Gaty v. Foster*, 18 Mo. App. 639; *Barnard v. Monnot*, 33 How. Pr. 440; *Glenworth v. Luther*, 21 Barb. 145; *Keys v. Johnson*, 68 Pa. St. 42.

II.   The defendant further contends that the plaintiff's second instruction "did not require the jury to believe from the evidence" that the loan company accepted the loan, etc., and for that reason was erroneous.   The instruction told the jury that they were "further instructed that if the loan company accepted the loan," etc.   We are unable to sustain this contention of the defendant.   The jury at the very inception of the trial were sworn to try the case according to law. and the evidence, and the duty thus imposed continues throughout the trial.   In *Brock Co. v. Railroad*, 21 Mo. App. 648, which was followed in the later case of *McGinnis v. Railroad*, it was held that the belief "of the jury derived from the evidence is the basis of every verdict, and is so generally made to appear in the form of the instruction."   But where it does not so appear such would be the inevitable inference unless there should be something in the language of the instruction to destroy it.   We do not think there is any merit in this objection.   We should hesitate long before we would reverse a judgment on any such narrow and technical grounds.   In the two cases cited by defendant, 39 Ill. 164 and 82 Ill. 324, which are referred to by Sackett on Instructions, section 26, in support of the rule of law there stated, the court refused in each case to reverse the judgment on account of an omission in an instruction, very much the same as in the present case.

III.   The defendant's further contention is that the second instruction given for the plaintiff and for the defendant are inconsistent and contradictory.   The plaintiff's instruction told the jury that if the loan company accepted the loan and so informed defendant Gove, and was waiting upon said Gove to furnish an abstract, and that said Gove knew that said money on the loan could not be turned over to him until said abstract was delivered and title approved, and said Gove failed to deliver any abstract or present any acceptable

title to the loan company or attempted to do so, then the plaintiff was under no obligation to tender or cause to be tendered the amount of said loan." No objection has been suggested to the rule of law it enunciates, nor is there any perceived by us. It is confessedly correct. The defendant's said instructions told the jury that it was not sufficient for plaintiff to show that the loan company was willing and able to make the loan, but he must show by a preponderance of the evidence that the loan was actually tendered to defendant. This in the light of the authorities which have been already cited under the first paragraph of this opinion was an incorrect statement of the rule of law applicable to the facts of the case. Under the contract the plaintiff agreed to procure a loan for defendant. This he did, and that was performance. He was not bound to tender or cause to be tendered the amount of the loan procured before he was entitled to the reward for his services. His right of recovery was dependent upon no such hard and unreasonable condition.

These two instructions are glaringly and irreconcilably repugnant. But since that given for the plaintiff is confessedly a correct exposition of the law based on the evidence defendant can have no advantage in this court on account of the conflict. The defendant's instructions gave him a chance to escape a liability to which he was not in law entitled. The jury evidently disregarded defendant's instruction, and adopted the theory of the plaintiff's. We cannot see that the defendant has any just grounds of complaint in this regard. *Blackwell v. Bailey*, 1 Mo. App. 328; *Loshe & Miller v. Railroad*, 44 Mo. App. 645.

IV. The defendant's final contention is that the court erred in excluding the evidence offered by him to the effect that if the Patterson loan was made to him that the one in question was not to be made. This evidence was inadmissible under the answer. If the

defendant desired to rely on a subsequent parol modification or change of the written contract such modification or change should have been pleaded in the answer, especially where it goes to defeat or avoid the plaintiff's cause of action. *Northup v. Railroad*, 47 Mo. 435; *Kersey v. Garton*, 77 Mo. 645; *County v. Wood*, 84 Mo. 489.

For the latter purpose it would have been admissible had the pleadings been of a frame to have authorized it. To have admitted it would have been violative of the well-settled rule that parol evidence is inadmissible to vary, alter or change the terms of a written instrument. It was wholly inadmissible for any purpose in the case. The terms of the contract were plain and unambiguous. There could be no doubt as to what was meant. It was not a case where such extraneous aid was needful in construing it.

The judgment must be affirmed. All concur.

