JAMES ENGLAND, Appellant, v. W. N. DENHAM, Respondent.

**St. Louis Court of Appeals, March 1, 1902.**

**Pleading:** CONTRACT: ANSWER: NEW MATTER. Where the execution of a written contract is admitted by defendant, and its terms and conditions are sought to be avoided by new matter happening after its execution, the new matter in avoidance must be specially pleaded by the answer.

Appeal from Newton Circuit Court.—*Hon. Henry C. Pepper,* Judge.

REVERSED AND REMANDED.

*Horace Ruark* for appellant.

(1) If the defendants had filed a general denial, supported by affidavit, instead of admitting the execution of the contract, they could not have given evidence of its subsequent alteration because not pleaded. If the defendant claims that the alteration of the instrument is made before its delivery, he can raise the question by a plea of *non est factum,* supported by affidavit as required by statute; but where, as in this case, the defendants claim an alteration in the contract subsequent to its delivery, he must clearly and specially plead the defense, or he will be precluded from giving evidence of it upon the trial of the case.    (2)    This court, in case of Bank v. Nickell, 34 Mo. App. 295-298, in passing upon the question whether an answer sufficiently raised the question of alteration of a note, said, "Counsel for plaintiff insists that under the pleadings no evidence was admissible to show that the note had been changed, that this was a matter of special defense

and should have been specially pleaded. Counsel would be right in this if the alteration complained of had been made after the negotiation and delivery of the note to plaintiff. . . . If the cause of action once becomes complete and fixed but has been defeated or destroyed by something happening, then the subsequent matter must be specially pleaded." This plea or answer must not be uncertain or indefinite as to the defense thus raised. 14 Encyl. of Pleading and Practice, 658. "Where a cause of action once existing has been determined by some matter which subsequently transpired, such new matter must be specially pleaded." Greenway v. Jones, 34 Mo. 326-328. (3) It is not the design of the code that a party should have to carefully sift each part of the answer to see what the pleader means. The answer may be a general or a special denial or it may set up a new matter, but in either event the issue must be sharply defined and not left to surmise or conjecture. Snider v. Free, 114 Mo. 360. (4) Section 655, Revised Statutes 1899, has reference to mere discrepancies between the issues raised by the pleadings and the evidence offered in support of such issue and not to cases where the substance of the issue, so to speak, has no support in the testimony adduced. Waldhier v. Railroad, 71 Mo. 514-517; Leslie v. Railroad, 88 Mo. 50. "The statute makes provision where a mere variance occurs, where there is a lack of correspondence between the allegation of the cause of action, and not where the cause of action alleged is unproved in its entire scope and meaning." Price v. Railroad, 72 Mo. 414-417.

*A. J. Harbison & O. L. Cravens* for respondents.

(1) It is a well-established rule that where a contract is signed with some stipulation or part thereof omitted, and the contract delivered to the other party to fill in the omitted portion, such party becomes a trustee or agent for all the parties

England v. Denham.

to properly and correctly fill in the omission in accordance with the understanding. Here the finding of the court is that the plaintiff obtained the signatures of defendants upon the express undertaking assumed by him, to supply correctly the name of Arnett and the dates of his birth and death. These were essential and vital elements in the contract. No argument is necessary to demonstrate the extreme importance of the correct insertion of these particulars in the contract and on the contemplated monument. Upon these facts the defendants were entitled to judgment, it appearing that plaintiff did not correctly supply the stipulations he undertook and assumed to afterwards put in the contract. Mackey v. Basil, 50 Mo. App. 190; New England, etc., Co. v. Brown, 59 Mo. App. 461; Rowe v. Ins. Co., 78 Mo. App. 452; Bank v. Nickell, 34 Mo. App. 295. (2) It sufficiently appears by the record here that when the contract was signed by defendants and delivered to plaintiff, it was verbally agreed and understood that the monument was not to be made until plaintiff was ordered to go ahead. This provision would have been in the contract had not plaintiff assured defendants it was not necessary, that the contract was not binding anyway until then. There ought not to be a law to shut out this verbal agreement from the binding terms of the contract obtained in the manner this one was. The plaintiff's denial of this is very weak when it is seen he is impeached and stands discredited as a witness in this court. Upon this ground the judgment is for the right party. The delivery of the signed contract was at most only a conditional delivery. Greening v. Steele, 122 Mo. 294; Brown v. Brown, 90 Mo. 184.

BLAND, P. J.—The petition, omitting caption, is as follows:

"Plaintiff for cause of action states that on the twelfth day of June, 1900, defendants entered into a written contract and agreement with plaintiff as follows:

---

England v. Denham.

"CONTRACT."

"Kind of design, stump.

"Kind of material, marble, gray marble, Bedford.

"Name of city or postoffice, Granby.

"Date, June 12, 1900.

"Die, 6-Oxl-8.

"James England, Neosho, Mo., please deliver for us at Granby cemetery, State of Missouri, about the first day of August, 1900, or as soon thereafter as convenient, the work described in this contract, inscribed as follows and the inscription occupying the numbered space as shown in the margin:

"H. Grant Arnett, born Sept. 7, 1865, died May 27, 1900, with such extensions as may be customary, and on delivery of the above-described work, for value received, we promise to pay James England or order, one hundred dollars, with interest at the rate of eight per cent after delivery until paid. It is also understood as a part of this contract, that if the money is not paid in all or in part, that the holder of this contract can go and take the tombstone down at any time he may deem himself insecure, and appropriate it to his own use to secure the unpaid portion of the money, without relief from valuation or appraisement laws of the State. I do not allow my agents to make verbal understandings or agreements.

"It is understood as a part of this contract, if the lodge fails to pay one-half of the amount of the certificate, parties signing this contract are not liable for the amount.

"Purchasers' signatures.        "W. N. DENHAM,
                                "T. J. BRACKEEN.


"That plaintiff within the time limited in said contract did deliver at the Granby cemetery a monument of the kind, quality, dimensions and with inscriptions thereon as provided in said contract, and in all things complied with the terms

England v. Denham.

and conditions of said contract to be by him performed. That the lodge mentioned in said contract, to-wit, the Woodmen of the World, have paid one-half of the certificate of life insurance upon the deceased H. Grant Arnett. But that said defendants have failed and refused to pay plaintiff the said sum of one hundred dollars, although requested so to do. That said contract is herewith filed, marked 'Exhibit A,' and made a part hereof. Therefore plaintiff asks judgment for said sum of one hundred dollars with interest thereon at the rate of eight per cent per annum from the — day of August, 1900, and for costs and for all proper relief."

The answer is as follows:

"Come now the defendants and for their joint answer admit that they executed the contract filed herein, as charged, but deny that the plaintiff complied with the terms and conditions of said contract. That the inscriptions placed upon the tombstone contracted for are not the copy of those that were furnished the plaintiff, and there was a total failure on the part of the plaintiff in copying the inscription as to the birth and death of Grant Arnett. That the contract was not complied with and the plaintiff is not entitled to recover. That at the time of the execution of the contract the plaintiff agreed with defendants that he would not execute the same until he was notified by defendants, and unless such notice was given he was not to do the work, and defendants say they never notified plaintiff to proceed with the work. Defendants having answered, ask that the cause be dismissed."

The issues were submitted to the court sitting as a jury, who, after hearing the evidence and passing on the declaration of law asked by plaintiff, found the issues for defendants. Plaintiff appealed.

To sustain the issues on his part plaintiff read in evidence the contract and offered evidence tending to prove that he executed and delivered at the Granby cemetery a tomb-

Vol 93, app—2.

stone fulfilling every requirement and condition of the contract and having upon it the inscriptions called for by the contract.

Defendants offered evidence tending to prove that when the contract was executed the dates of Arnett's birth and death were left blank and that it was mutually agreed that plaintiff should get the correct dates as to Arnett's birth and death and write them in the contract and inscribe them upon the tombstone; that he did go to the widow of Arnett for the purpose of getting these dates and that she gave him the correct dates and informed him that Arnett was born on September 7, 1864; that instead of writing the date of his birth in the contract as September 7, 1864, he wrote it September 7, 1865, and engraved this erroneous date on the tombstone as the date of Arnett's birth; that in fact Arnett was born on September 7, 1864.

All of this evidence was objected to by the plaintiff for the reason that it was not admissible under the issues as made by the pleadings, which objection the court overruled and re- fused the following instruction asked by the plaintiff bearing upon this evidence:

"The court declares the law to be that the question of the plaintiff inserting a wrong date in a blank in the contract in question is not an issue in this case and can not be considered as any ground to defeat plaintiff's recovery."

The answer admitted the execution of the contract but denied that plaintiff complied with its conditions. It then proceeds in an indefinite manner to state in what respect he failed to comply with the conditions of the contract, to-wit: "That the inscriptions placed upon the tombstone contracted for are not a copy of those that were furnished plaintiff," and further on we are informed by the answer that there is an error in the inscription of the dates of the birth and death of Arnett. It is not alleged that these dates were left blank in the contract because unknown when it was executed, or that

plaintiff agreed to ascertain the correct dates and write them in the contract and inscribe them on the tombstone or that he undertook to do these things and made a mistake.

If the facts relied on by defendants as a defense are that the dates of Arnett's birth and death were left blank to be written in the contract by the plaintiff after its execution and he undertook to do this and failed to write them in correctly, or to correctly inscribe them on the tombstone, then these facts should have been alleged in ordinary and concise language. They were not put in issue by the denial that plaintiff had performed the contract for the reason that they were not facts included in the allegations necessary to support plaintiff's case. Northrup v. The Mississippi Valley Ins. Co., 47 Mo. 435; Hudson v. Railroad, 101 Mo. 13; Ice Co. v. Mo. Edison Elec. Co., 86 Mo. App. 233; Meier v. Proctor & Gamble Co., 81 Mo. App. 410. The contract, as pleaded by plaintiff and as read in evidence, was complete in all of its terms and conditions, leaving nothing to be supplied—nothing to inference. The execution of this contract was admitted by defendants. To avoid its terms and conditions by new matter happening after its execution, the new matter in avoidance should have been specially pleaded by the answer. Phister v. Gove, 48 Mo. App. 455; Thomas v. Moore, 46 Mo. App. 22. But defendants could not in the same answer admit the execution of the contract in its complete form and allege that the date of the birth and death of Arnett (these being material facts) were left blank; such a plea would be inconsistent with the admission.

Under the allegations of the answer we think the only defense that was available was that plaintiff had failed to comply with the conditions of the contract as it was written and admitted to have been executed. In this state of the pleadings evidence tending to show that the birth of Arnett was incorrectly inscribed on the tombstone (the inscription being those pro-

vided for by the contract) was inadmissible and should have been excluded.

The judgment is reversed and the cause remanded. *Barclay* and *Goode, JJ.*, concur.