## CONTRACT FOR SALE OF REAL ESTATE EXECUTED BY BROKER.

[Circuit Court of Cuyahoga County.]

CHARLES ETTINGER v. ALBERT J. WEATHERHEAD.

Decided, November 12, 1906.

*Real Estate—Sale of, Through Broker—Implied Ratification of Contract by Principal—Agency.*

1. A real estate broker, authorized to sell, has no implied authority to execute a contract of sale binding upon his principal.
2. Whether such unauthorized contract was ratified by the conduct of the principal under the circumstances of this case was a question for the jury.

WINCH, J.; MARVIN, J., and HENRY, J., concur.

Error to the Court of Common Pleas.

This was an action to recover damages for breach of a contract to convey lands.

It appears that the defendant directed a real estate broker to sell said lands, and the broker, having found the plaintiff as a purchaser, entered into a written contract with the plaintiff for the conveyance of said lands to him, specifying the terms and agreeing that deed should be delivered within eight days. This contract the broker signed in behalf of the defendant and at once delivered a copy thereof to the defendant, retaining fifty dollars which the purchaser paid when the contract was executed.

At the close of plaintiff's evidence the trial judge directed a verdict for the defendant, holding that a real estate agent authorized to sell has no authority to execute a contract of sale binding upon his principal. That such is the law is abundantly established, both upon principle and authority. 18 Barb., 60; 21 Barb., 145; 40 Cal., 240; 25 Pac. Rep., 471; 92 N. W. Rep., 453; 24 S. E. Rep., 258.

In this case, however, the plaintiff introduced evidence tending to prove that the defendant ratified the contract the broker had made for him. He took no prompt steps to repudiate the

contract; he failed to disavow the agent's authority and never directed the agent to pay back the purchaser's fifty dollars which had been paid down to bind the bargain, nor did he ever himself offer to refund said fifty dollars to the purchaser.

Whether, under all the circumstances, this unauthorized act of the agent was ratified by his principal, should have been submitted to the jury.

It was also error to exclude from evidence the written contract signed by the agent.

For the two errors mentioned the judgment is reversed and the cause remanded for a new trial.

*Foran, McTighe, Pearson & M.*, for plaintiff in error.
*Kline, Tolles & Goff*, for defendant in error.