## GEORGE W. CORNING *v.* JOHN CALVERT.

C. applied to B., in writing, to procure him a loan of $7,000 on two houses and lots— $4,000 on one, and $3,000 on the other. Nothing was said in the application as to whether one or two mortgages would be given, but C. verbally stated that the money could be put in one or two mortgages, as the lender desired. B. found a person willing to loan $7,000 on one mortgage, but the loan was never made, owing to C.'s refusal to accept it unless upon separate mortgages. *Held,*

I. That B. had performed his service, and was entitled to his commission for procuring the loan.

II. That it was immaterial that B. acted in the matter through an agent—the latter having sworn that he was the agent of B., and so estopped himself from interposing any claim to the commissions.

APPEAL by defendant from a judgment of the Marine Court at general term. This was an action to recover for broker's commissions earned by one —— Britton, and assigned to the present plaintiff. The defendant applied to Britton to procure him a loan on two houses in Twentieth street, New York city. The application was in writing, and was signed by S. B. Peet. It contained a diagram of the houses, and then proceeded as follows:

"Seven thousand dollars wanted on the above houses and lots as per diagram—four thousand dollars on the house No. 74. * * *

Corning v. Calvert.

The other house is, same as the other, No. 72, 22 1-2 by 40, lot 22 1-2 by 80—wanted a mortgage for three thousand dollars." * *

S. B. Peet, acting as the agent of —— Britton, procured a loan upon this application, and it was for the commissions on the procurement of this loan that this action was brought. Judgment was rendered for the plaintiff, which was affirmed at the general term. The defendant appealed. The facts in the case are fully stated in the opinion of the court.

*William McDermott*, for the appellant.

*Parsons, Riggs & Riggs*, for the respondent.

By the Court, DALY, First Judge.—There was no conflict of testimony in this case. The defendant applied for a loan of four thousand dollars upon one house, and three thousand dollars upon the other. Britton, to whom he applied, got Peet to negotiate the loan. Peet, having found a person who had seven thousand dollars to loan, but wanted to loan it on one mortgage, called upon Calvert, the defendant, and Calvert told him that " they could take their choice, and put it in one or two mortgages, as they wished." Peet then saw Mr. Wight, the attorney of the person who had the money, and Wight decided to loan it. Wight testified that the parties had agreed upon the loan; that the party he represented agreed to make it. A particular description of the property was then furnished to Wight. He investigated the title and completed it; but the matter fell through because the defendant's brother would not sign the bond unless the loan was in two mortgages. In consequence of which the defendant said there must be separate mortgages, and Turner, who had the money, would not loan it except upon one bond and mortgage. In all this there was no conflict in the testimony. When the defendant told Wight or Turner that there must be separate mortgages, he also said that that was *his* application. But his declaration to that effect did not countervail or amount to a denial of his previous statement to Peet that it might be in one or

two mortgages, as the parties wished.    Or, if it might be regarded as evidence conflicting with the testimony of Peet, the question of fact in conflict upon the evidence, was for the justice, and his finding upon that point cannot be reviewed upon appeal.

As the case stands upon the evidence, the defendant authorized Peet, who was acting as the agent of Britton, to procure the loan, giving one bond and mortgage.    If he had no authority to consent that the loan might be embraced in one mortgage, he should not have directed Peet to procure it upon such terms.    It is said that Britton was not present at this interview with the defendant.    But Peet was his agent; and specific instructions as to the terms, made to the agent, was the same as if made to Britton.    The application given in evidence by the defendant, which was in writing, did not specify whether the loan was to be secured by one or two mortgages; but merely that three thousand dollars was wanted on one house, and four on the other.    The proposition to include both sums in one mortgage, therefore, was not varying the terms of the application.    It simply made them more specific.    Peet's name is attached to the application, showing that the defendant negotiated or treated with him; and if Peet was acting as the agent of another, it does not lie with the defendant to interpose that objection.    The service was rendered.    A person was found ready and willing to make the loan upon the proposed terms.    The commission was earned, and whether Peet was acting as the agent of Britton or for himself, is immaterial as respects the rights of the defendant.    He swears he was Britton's agent, and is thereby estopped from setting up any claim himself. Britton called upon the defendant after Peet's interview, thus ratifying and adopting Peet's acts; and the defendant told Britton, when he called, that he would pay him one per cent.    He then recognized Britton, and not Peet, as the principal in the business; and Britton, and his agent Peet, having done what they engaged to do, that is, procured a person ready and willing to loan upon the terms proposed by the defendant, the commission was earned, and the judgment is right.

Judgment affirmed.