## BARMON *v.* LITHAUER.

### December, 1868.

One who, after paying to his creditors a note held by them, on their promise to surrender the note, is sued by a third person on the note, should call upon the original creditors to defend the action. If he fails to do so, and judgment goes against him, by his own neglect to successfully defend the action, he is not entitled to recover from the original creditors the amount paid in satisfaction of the judgment.

His calling one of the original creditors to testify as a witness in the action against him, is not equivalent to giving them the necessary opportunity to defend it.

Jacob Barmon sued Jacob and Leopold Lithauer, in the supreme court, to recover from them a sum which he alleged he

had been compelled to pay to one Mack in satisfaction of a note, which note had been previously held by defendants, and had been paid by him to defendants on their promise to surrender it to him. The ground of the action was, that instead of surrendering it as they promised, they allowed the note to pass into the hands of Mack, who sued plaintiff on it, and, by recovering judgment, compelled him to pay the note a second time.

The facts were stated substantially as follows, in the opinion of the supreme court, on the decision from which the present appeal was taken.

The appellants, the Lithauers, in July, 1861, held a judgment against one Henry Barmon, of Buffalo, which was claimed to be a security for the payment of an indebtedness to them of about six hundred and thirty-seven dollars, for goods sold, nominally to said Henry Barmon, but really to the present plaintiff, and for the amount of a note of six hundred and ninety-eight dollars and seventeen cents, given by said Henry Barmon to one Elkin Hyman, and indorsed by said plaintiff, on which had been paid two hundred dollars. This note was on July 20, 1861, past due, and had been protested for non-payment and was then owned by Hyman. An execution on the judgment recovered by defendants had been levied on a stock of goods. On said July 20, a settlement was agreed upon between the present plaintiff (who was the real debtor, in all the demands) and the defendants, by which the plaintiff paid three hundred dollars on account of defendants' demand, and defendants took the note of Henry Barmon for the residue. At the same time, to secure the payment of the Hyman note, plaintiff deposited in the hands of one Altman six hundred dollars' worth of goods, to be delivered in payment of said indebtedness if the same was not sooner paid according to the terms of an instrument executed by Altman to defendants. Upon the deposit of the goods, and the payment of the three hundred dollars, and the execution of the note of Henry Barmon, the defendants and said Hyman jointly executed a sealed release to the plaintiff of the levy, and of all claims or demands against the plaintiff up to the said July 20, 1861.

The settlement was made in the name of defendants, and

the plaintiff now claimed that the defendant Leopold, who transacted the business, represented that his firm owned or controlled the note given to Hyman, and promised that he would send the same to the plaintiff as soon as he reached New York.

On the same day that the instrument was executed by Altman, by the depositing of the goods, the defendants assigned the trust thereby constituted to Hyman; and on July 30 following, Hyman assigned the same to one Jacob Mack. The money was not paid, and Altman afterward delivered the goods to Mack.

The Hyman note was not sent to plaintiff, according to defendants' promise, but it afterward got into the hands of Mack (it would seem under an assignment from Hyman, dated September 3, 1861, but the fact does not distictly appear), and the plaintiff was by him sued upon it. He put in a defense, and a trial was had in the action, but judgment was obtained against him, April 1, 1862, for five hundred and seventy-eight dollars and sixty-eight cents, damages and costs.

The stenographer's notes of the trial in that suit on the note were put in evidence on the trial of the present action; and from them it appeared that the court directed a verdict against the present plaintiff, on the ground that he failed to show that Hyman or defendants owned the note on July 20, 1861, the time of the settlement. The decision of the court was (in the opinion of the supreme court in this case) palpably erroneous; but no appeal was taken from it. On the trial of the former suit, neither Hyman nor Mack were called as witnesses. The defendant Leopold Lithauer was sworn; but the defendants were not previously notified of the action, nor called on to defend it.

The plaintiff paid the judgment recovered against him in that action, and brought this action to recover the amount.

Upon the trial of this action, a motion for nonsuit was denied by the court. At the close of the evidence, the court was also requested to direct a verdict for defendants, but refused. To both rulings defendants excepted. The jury found for plaintiff, six hundred and eighteen dollars and thirty-seven cents. A motion for a new trial, made on the judge's minutes,

was heard and denied; and, after judgment, defendants appealed from the order denying the motion, and from the judgment.

*The supreme court,* at general term, in an opinion by DAVIS, J., after stating the above facts, held that it was clearly established that the note, at the time of the settlement, belonged to Hyman, and was released and discharged by the release given by Hyman and defendants; that apart from the judgment recovered by Mack against the plaintiff, no action for the breach of promise to surrender it would lie, for it is settled that a paid note is valueless.

The judgment recovered by Mack did not, however, render defendants liable, because they were not notified of the action, nor called on to defend it; and the fact that one of them was sworn as a witness was not, under the circumstances, sufficient to charge them with the result of the trial.    Plaintiff, when sued by Mack, should have notified defendants of the fact, and have given them an opportunity to show that the note was theirs or Hyman's, at the time the release was given; and by failing to do this, he lost his right to recover against the defendants on the money he had thus been compelled to pay, unless he could prove, in the present action, that Mack had a right to recover the judgment which he recovered. As the facts showed that Mack's recovery was erroneous, plaintiff could not recover over against the defendant.    That recovery was attributable to plaintiff's own neglect in not proving his defense, or calling on defendants to defend, or appealing from the judgment.    The action, therefore, was only sustainable as an action on the promise to surrender the note; and in this aspect, as the note was dishonored when the agreement was made, and therefore worthless, only nominal damages, at most, could be recovered.    They accordingly ordered a new trial.

From this decision the plaintiff appealed, consenting that if this court affirmed the order, they might render judgment absolute against him.

*Saunders & Calkins,* for plaintiff, appellant.

*Samuel Hand* and *P. J. Joachimsen,* attorney, for defendants, respondents.

MILLER, J. It is manifest, from the testimony in this case, that, at the time of the settlement between the plaintiff and the defendants and Elkin Hyman, on July 20, 1861, the note on which the plaintiff was liable as indorser belonged to Hyman. It had been protested prior to that time, and was then in Hyman's possession. Such being the fact, on the same day, and as a part of the settlement then made between the parties, Hyman executed, under seal, a release to the plaintiff of all claims and demands then existing against him, which necessarily embraced the note in question, and which exonerated the plaintiff from any liability to pay it. The note thereby became discharged and canceled, and no one could acquire any title to it as against the plaintiff. If we assume that the note belonged to, or was in the possession of, the defendants, then the answer is, that it was not a valid security, and was extinguished by the release before referred to, which was also executed by the defendants. There is no evidence which tends to establish that the note in question, at the time of the settlement, belonged, or had been assigned or transferred, to any one else; but it is uncontradicted, that, after it became due, it was returned to Hyman and afterward transferred to one Mack, who prosecuted the plaintiff, and recovered a judgment against him for the amount remaining unpaid upon it. The suit, being brought after the note became due, and after it was paid, was open to any defense which then existed against it in the hands of Hyman, or of the defendants. It could not be lawfully collected of the plaintiff, and—independent of the fact that judgment was obtained upon it, and that the amount is alleged to have been collected by Mack of the plaintiff—there is no difficulty in determining what disposition should be made of this case.

The question then arises, whether the circumstances existing really change the aspect of the case or alter the rights of the parties. I think that they cannot be thus regarded. The note was paid and of no value, and it adds not one particle to its validity, that a judgment was obtained, provided this was done without any fault on the part of the defendants. They cannot be held responsible for a judgment procured against the plaintiff by default, or by his negligence, without their

knowledge or consent. The fact that such a judgment was obtained would not of itself render the defendants liable if they were previously exonerated. In order to make them responsible, the defendants should have been notified of the commencement of the action, and have been permitted to defend it, had they chosen to do so. They had no such notice, and were not called, or furnished with an opportunity to interpose any defense. Although one of them was called as a witness, yet no offer was made to permit the defendants to control the defense, or to allow them to testify to, or to furnish evidence to establish—as the case shows, could easily have been done—the fact that Hyman was the owner of the note at the time of the negotiation and when the release was executed.

Such evidence would have established a successful defense to the note, and have prevented a recovery. Even if the facts proved had not sufficiently disclosed that Mack had no title to the note, by reason of the release discharging the plaintiff before its transfer, it is enough, I think, that this could have been proved, by calling upon Hyman or either of the defendants for that purpose. But, I think, even as the evidence stood, the history of the trial between Mack and the plaintiff shows that the case was erroneously decided, and that a different result should have ensued. This should not have been acquiesced in by the plaintiff here, but it was his duty to appeal from the decision to a higher tribunal. The recovery by Mack, against the plaintiff, was caused by the neglect of the plaintiff to call witnesses who could have established a complete defense, and in not taking the proper steps to review the erroneous decision of the court where the action was tried. As, then, the plaintiff suffered a judgment to be obtained against him by his own negligence, and took no proper steps to make the defendants responsible for the result, it would be manifestly unjust that the defendants should reap the consequences of his acts.

If we assume that the plaintiff could have maintained an action upon the breach of contract arising from the failure of the defendants to send back the note which was released and discharged, then how stands the case? He could not recover the amount of a note which had been paid, and was therefore

valueless; but merely nominal damages for the detention of a note against which there was a good and lawful defense. The recovery of the judgment did not flow as a direct consequence of the neglect of the defendants to return the note, but was the immediate result of an imperfect defense and of an erroneous decision of the justice who tried the cause, from which no appeal was taken. These are not damages arising directly from the breach of the contract itself, but are remote and contingent; and even if the action was maintainable upon the facts presented, a recovery for the full amount of the note was clearly wrong.

There is no ground for any recovery for the goods left with Altman, and I do not understand that the plaintiff claims anything more than the note.

The judgment of the general term should be affirmed, and judgment absolute rendered in favor of the defendants.

WOODRUFF, J.—The order granting a new trial was, beyond all question, proper in this case. The action was brought for a breach of the defendants' alleged agreement to take up and return to the defendant a promissory note, made by Henry Barmon, for six hundred and ninety-eight dollars and seventeen cents, dated March 15, 1861, payable four months after date, to the order of the plaintiff, and by him indorsed and transferred to Elkin Hyman, which note, though made by Henry Barmon, was made, indorsed and delivered for goods which the plaintiff bought of Hyman, ostensibly as agent for his brother, but in reality for himself, his brother's name being only used as " a cover."

This agreement is alleged to have been made on July 20, 1861, which was two days after the note became due.

The plaintiff, on his own behalf, testified distinctly that two hundred dollars had been paid thereon when or before the agreement was made; that at that time Hyman had the note, and that it had been protested. And he also produced and proved a release, under seal, executed by the defendants, and by Hyman, bearing date on the day of the alleged agreement, July 20, 1871, by which the defendants and Hyman released him from all claim and demand they or either of them had, for

or by reason of any matter, cause or thing, to the day of the date thereof.

The plaintiff then gave evidence to show that afterward one Mack sued him upon the note, and recovered judgment against him for five hundred and seventy-eight dollars and sixty-eight cents, including costs ; and that one of the defendants was called and examined as a witness in his favor. But, otherwise, it did not appear that the defendants were notified or called upon to defend the action. Hyman was not called as a witness, when it was palpable that if the facts were as testified on this trial, his evidence must have prevented a recovery in that suit.

The case, then, made by the plaintiff, taking every disputed question in his favor, is this : One Hyman held a note, which was indorsed by the defendants, which was past due and protested. The holder (Hyman) executed a release thereof to the plaintiff, and the defendants agreed to return it to him. The note was of no value whatever in the plaintiff's hands, because it was made and delivered to the holder for goods purchased by the plaintiff for himself. The agreement was not performed, but, on the contrary, an action was brought upon the note by another party. The plaintiff did not call upon the defendants to protect him against the suit, and did not call the witnesses who could have testified to the facts to which he now swears, when, obviously, it was quite easy to do so. Indeed, I quite agree that but for an erroneous view of the subject, taken on the trial of that action, the court would have nonsuited the plaintiff, and that, on appeal, the judgment must have been reversed.

Upon these facts, the plaintiff has a verdict in this cause, and judgment, for the whole amount of the recovery against him in that action, including the costs.

I think, that upon the proofs, there was nothing to warrant such a judgment. The damages for a breach of an agreement to return a paid or released note, already past due, cannot be the amount of the note, unless it be shown, that in consequence of the breach, the plaintiff has been, by force of the *prima facie* import of the paper, and its apparent negotiability, compelled to pay it to some subsequent holder; in spite of a diligent endeavor to prove the facts, which, if proved, consti-

tute a complete defense, or unless he calls upon the party to the agreement, notifies him of the suit, and permits him to take such charge thereof as will protect them both.

It may be possible to suppose a case in which, by reason of the death of the only witnesses who can testify to the facts, a party who has once paid, or been released from, a note, may be compelled to pay it to one, who, in truth, received it after its maturity; but, *prima facie*, a paid note is worthless paper.

Where, as in this case, the note was in the hands, not of the promisor, but of another, and was in itself of no value to the plaintiff, the largest latitude of construction which the plaintiff could claim for the agreement would be to treat it as tantamount to an agreement to keep him safe from liability upon his indorsement, according to the legal effect of the release. The liability which was established against him in the present case was due to his own negligence, and not to any actual liability.

I am not, however, prepared to assent to the proposition insisted upon in the court below, that the plaintiff could, notwithstanding he was sued on the note, in no case recover more than nominal damages. If he had notified the defendants, and called on them to protect him, had himself used due diligence, and had been successful in defeating the suit brought against him, he would, nevertheless, have sustained actual damages by the neglect of the defendant to take up and return to him the note. Presumptively, the agreement was made for the purpose of preventing the passing of the note by Hyman, the then holder, to other hands, and the possible necessity, which the plaintiff in such case would be under, of defending an action, employing counsel, and devoting time, labor, &c., to the establishment of a defense, which, had the defendant performed his agreement, would not be necessary, and against which that agreement was intended to protect him.

But the present verdict and judgment were not rendered upon any such theory, nor for such expenses. I think the new trial was properly ordered.

All the judges concurred.

Order of the general term affirmed, and judgment absolute for defendant, with costs.