CHARLES HEINRICH AND ANOTHER *v.* CHARLES KORN.

A real estate broker, being employed to find a purchaser for a house and lot, introduced to his principal a person who verbally agreed to buy the property at a certain price, at the same time paying ten dollars on account of the purchase money, for which the vendor gave a receipt, stating that the "sum received was part of purchase money on the sale of my house." *Held,* that the broker had performed his agreement to find a purchaser, and was entitled to his commission, although subsequently the purchaser refused to take the property.

The broker is entitled to his commission as soon as he has found a party willing to purchase on terms which the vendor is willing to accept, and without regard to the question whether he subsequently refused to complete the bargain.

It is not necessary to entitle the broker to compensation that the contract to purchase should be in writing.

APPEAL by the defendant from a judgment entered on the report of a referee.

The facts are stated in the opinion.

*Samuel Hirsch,* for appellant.

*Edward T. Bartlett,* for respondents.

BY THE COURT.*—LARREMORE, J.—In January, 1869, the plaintiffs were real estate brokers, doing business as such, and were authorized by the defendant, who was the owner of premises No. 182 Ludlow street, to find a purchaser therefor, and for which they were to be paid the usual commission of one per cent.

Plaintiffs subsequently introduced one Adam Schwab to the defendant, and negotiations were had between the parties, which finally resulted in defendant's executing (conjointly with his wife), the following receipt:

"Heinrich & Co., Real Estate Brokers.    Received from Mr. A. Schwab the sum of ten dollars, part of purchase money on the sale of my house, No. 182 Ludlow street, in the city of New York, for $22,100.

"New York, January 28, 1869.

                    "CHARLES KORN.
                    "BARBARETHA KORN."

* Present, DALY, Ch. J., LARREMORE and J. F. DALY, JJ.

The $10 was paid by Schwab to defendant, for which the above mentioned receipt was given to Heinrich. It appears by the testimony that the receipt was given preliminary to an agreement to be executed by the parties, in which the terms of sale should be more fully stated, and upon the execution of which, $500 were to be paid. This agreement was never consummated.

Schwab declined the purchase, and the defendant having refused to pay plaintiff's claim for commissions, suit was brought for its recovery.

The referee to whom the case was referred, has found as matters of fact and law that the plaintiffs were employed by the defendant to procure a purchaser for his house; that they had procured such purchaser; and were entitled to their commissions.

The defendant excepted to the third finding of fact and the legal conclusion derived therefrom, as contrary to law and the evidence in the case. As this involved the main question raised on the argument, its determination will necessarily be decisive of the merits of this appeal.

The referee has found that there was an employment, and such finding being supported by competent evidence, is conclusive as to the parties to this suit.

Did the plaintiffs then fulfil the terms of their employment —did they procure a purchaser for the premises in question?

The testimony shows, that they introduced Schwab to the defendant, and an arrangement was made between them for the sale and purchase of defendant's house. The minds of the parties met, and were expressed in the payment of money and the giving of a receipt on account of the purchase price.

Defendant was not compelled to give such receipt or accept the money named therein. He could have refused to sell until a more suitable contract had been prepared and the $500 were paid. He chose to consider the sale as made when the receipt was given, and trusted to the credit and honesty of the purchaser for the payment of the $500, and the execution of another agreement. In this he acted upon his own responsibility, and must suffer the consequences of his own omission or neglect.

The plaintiffs are not accountable for the imperfect manner in which the agreement or receipt was drawn ; it was not their duty to supervise its execution ; nor were they responsible for its performance.   They found a purchaser whom the defendant accepted, and thus performed the services for which they were employed (*Barnard* v. *Monnot*, 1 Abb. Ct. App. Dec. 105 ; 3 Keyes, 203).

No collusion is shown between the plaintiffs and the purchaser, nor can the pecuniary ability of the latter be questioned, for it is in evidence that he subsequently purchased and paid for another house the sum of $19,000.   That the purchaser changed his mind was no fault of the plaintiffs.   Suppose he had signed the contract of purchase and afterward became insolvent and unable to perform—would that have defeated plaintiffs' claim for commissions ?   The reasoning of the Court of Appeals in *Barnard* v. *Monnot* (*ante*) is clearly opposed to such a theory.

It was insisted on the argument that the agreement between Schwab and the defendant was void by the statute of frauds, and that the defendant could not enforce the same.   I do not consider it necessary to pass upon that question in the present determination of this case.   If I have correctly understood and applied the principles laid down in *Barnard* v. *Monnot*, it is evident that the plaintiffs' claim for commissions is independent of the execution of any agreement between the defendant and the purchaser, and consequently such claim cannot be affected by the validity or invalidity of the agreement in question.

The judgment appealed from should be affirmed.

Judgment affirmed.