CRASTO *v.* WHITE.

*(Supreme Court, Special Term, New York County.* November 27, 1888.)

FACTORS AND BROKERS—COMMISSIONS—EVIDENCE.

    In an action by a broker for commissions alleged to have been earned in effecting a loan for defendant, where plaintiff has procured a responsible party willing to make the loan, and the proposed lender, after negotiating with defendant, refuses to make the loan, on the alleged ground that defendant's title to the property offered as security is not good, evidence that defendant had good title to the property is immaterial.

Action by Frank P. Crasto against Richard White for commissions alleged to have been earned in procuring a loan for defendant.

*W E. Benjamin,* for plaintiff. *Townsend, Dyett & Einstein,* for defendant.

LAWRENCE, J. I am of the opinion that the order for the examination of the witnesses Christopher and Sophia Wray should be vacated and set aside. To entitle a broker, employed to obtain a loan, to commissions it is only necessary for him to show that he has procured a party willing to make the loan upon the terms named, and who is sufficiently responsible. If, for any reason, after the parties have been brought together, the negotiations between them are broken off, and the loan is not perfected, the right of the broker to his commissions is not forfeited, as he does not stand in the attitude of a guarantor to either of the parties. See *Burling* v. *Gunther*, 12 Daly, 6; *Duclos* v. *Cunningham*, 102 N. Y. 678, 6 N. E. Rep. 790; *Cook* v. *Kroemeke*, 4 Daly, 268. It seems, therefore, quite evident that the testimony of the witnesses in question, which, according to the affidavits presented, is designed to show that the plaintiff really had good title to the property upon which the trust company finally refused to make the loan, assigning as a reason therefor that the defendant had no title thereto, is not material or necessary in this action; there being no doubt as to the perfect responsibility of the trust company, nor of their willingness to make the loan, had the title been satisfactory to them. See Code, § 872, subd. 4. There is another ground on which I think the order should be vacated, and that is that the allegation that the witnesses are so sick or infirm as to afford reasonable ground they will not be able to attend the trial is thoroughly refuted by the affidavits presented on the part of the plaintiff. See, also, *Jenkins* v. *Putnam*, 106 N. Y. 272, 12 N. E. Rep. 613.