Dwight, P. J.
The action was on a special contract for •services rendered by the plaintiff in the sale of real estate for the defendant. The contract between the parties to the ■action was oral. It is undisputed that the plaintiff was employed to make the sale of the house and lot in question at the price of $4,000 ; that she produced a customer who executed a contract of purchase in duplicate, and paid $100 •down. By the contract, which was not dated, but, it seems, was executed on September 20, 1887, $1,000 was payable May 1, 1888. A mortgage was to be given for $1,500, and 4he balance was to be paid by the assumption of a prior *207 mortgage on the property. The evidence was conflicting as to the amount of compensation to be paid to the plaintiff for procuring a purchaser, but the evidence on the part of the plaintiff amply sustained the verdict of the jury in that respect. There was also a conflict of evidence as to the time when compensation should be payable; the evidence on the part of the plaintiff tending to show that her commission of 2 1-2 per cent., or $100, was earned whenever she produced ■a purchaser who was accepted by the defendant, while that •on the part of the defendant tended to show that the compensation of $50 was not payable until the customer should complete the purchase on the 1st day of Hay, 1888, by paying the balance of the $1,000, and giving the mortgage for $1,500. Here, then, was a material question of fact for the jury which, if it should be determined in favor of the defendant, must defeat the plaintiff’s action, since it appeared that the purchase was never completed, unless it also appeared that the non-performance on the part of the purchaser was •excused by the refusal or inability of the defendant to perform on his part. And this brings us to an important question in the case, which was raised by various exceptions to rulings of the court upon the admission of evidence and to the charge of the court to the jury. It will be observed that 'the contract of "purchase was silent as to the .time when possession of the property should be given to the purchaser, •and the evidence tended to show that the purchase was not completed on Hay 1, because the defendant was unable to give possession on that day, by reason of an outstanding lease of the premises for two years from that date. It was in view of this evidence that the defendant offered to prove, •by at least two witnesses, that at the time the contract of purchase was entered into, and before, according to the testimony of the defendant, the agreement was made with the plaintiff as to the amount and time of payment of her coru•pensation, the defendant communicated to both the plaintiff ■and the proposed purchaser the fact of such lease, and that it was understood by both that the purchaser should take his *208 deed subject to the lease, and that he was not to have.' possession of the property until the expiration of the term mentioned. This evidence was objected to, and the objecttion sustained, on the ground that its effect was to vary the terms of a written instrument. We think this ruling was erroneous, and that the evidence offered was both material and competent as against the plaintiff. It is not necessary now to decide whether it would have been admissible as against a purchaser in an action for specific performance of the contract or for recovery of the money agreed to be paid on the 1st day of May; and, since it appears by the evidence in this case that an action is pending between the parties to the contract, we shall not unnecessarily anticipate any question which may arise in that case ; but, as between the defendant and the plaintiff here, who was not a party to the-written contract, the rule upon which the objection was founded does not apply (New Berlin v. Norwich, 10 Johns. 229 ; Juilliard v. Chaffee, 92 N. Y. 529). As we have seen, according to the testimony on the part of the defendant, there was no special contract fixing the amount and time of payment for the plaintiff’s services, until after the contract of purchase was entered into; and then the time of payment of such compensation was made to depend upon the completion of the purchase, and the payment by the-purchaser of the balance of the $1,000 on the day named. If that was true, the agreement between the plaintiff and the defendant must be supposed to have been made in view of the actual terms of the contract between the purchaser and the defendant, as understood by the plaintiff as well as the parties to the contract, whether fully evidenced by the writing or not. And so, the $1,000 never having been paid, it. became a material question in this action, upon the defendant’s version of his agreement with the plaintiff, whether the defendant was chargeable with default in the performance of the contract of purchase as actually made, to tbe> knowledge of the plaintiff. For the error indicated we think, the judgment and order appealed from must be reversed,. *209 and a new trial granted. Judgment and order appealed from reversed, and a new trial granted in the county court, with costs to abide the event.
Macomber and Corlbtt, JJ., concurred.
Note on the right of a broker to recover commissions, as affected' BY THE FAILURE OF THE PARTIES TO PERFORM THE CONTRACT.

Vendor's broker not prejudiced by purchaser's refusal to complete performance.

Heinrich v. Korn, 4 Daly, 74. Plaintiffs, real estate brokers, were authorized by defendant to find a purchaser for certain premises owned! by defendant, the usual commissions to be paid. Plaintiffs subsequently introduced a purchaser to defendant who entered into a contract with defendant for the sale of the premises. Thereafter such third person', declined to purchase, and defendant having refused to pay plaintiffs5' commission, they sued for the same,—Held, upon appeal, that the brokers had performed their agreement to find a purchaser, and were entitled to-their commissions, without regard to the question whether the contract was performed or not.
Love v. Miller, 53 Ind. 294. Plaintiff and defendant mutually-agreed that if the former who was a broker, would find a purchaser,. or make a sale of certain real estate belonging to defendant, he should i receive a certain sum for his services. In pursuance of such agreement the broker effected a bargain and sale by a contract which was mutu- - ally obligatory on defendant as vendor and a third person as vendee:. The latter subsequently became dissatisfied with the agreement as bargain, and refused to execute his part of it. Defendant thereupon! refused to pay plaintiff’s commissions.—Held, upon appeal in action by-plaintiff for his commissions,—that under the conditions existing in this country, where large quantities of land are held by executory contracts, and the titles not passing until months, sometimes, after the Sale is made, to adopt a rule which would deny the broker his commission until after the final conveyance is executed, would be manifestly unsuitable and unjust. That when the broker has effected a bargain and sale, by a contract, mutually obligatory, he is entitled to his commission, whether his employer chooses to comply with or enforce: the contract, or not.
Veazie v. Parker, 72 Me. 443. Defendants employed plaintiffs, brokers, to find a purchaser for a quantity of ice. Plaintiffs found one-wishing to purchase, and introduced the parties to each other. A con-, *210 tract in writing was made, which was binding on both parties. The purchaser subsequently refused to perform,—Held, in an action by plaintiffs for their commissions, that so far as relates to compensation a binding agreement to sell is a sale within the contemplation of the parties; the bringing the parties together entitles the broker to his compensation. That it is no answer to the broker’s claim, after he has found his employer a purchaser, that the purchaser afterwards refused to perform his contract.
— nor try vendor's refusal to perform,.
Smith v. Smith, 1 Sweeny, 552. Action for commissions on sale. A purchaser was found satisfactory to defendant, and a contract of sale entered into, but defendant threw up the contract from doubt whether he might not have to pay commissions to another broker. The jury found that plaintiff was the person who procured the purchaser, —Held, upon appeal, that plaintiff having found a purchaser able and willing to purchase cn the stipulated terms, had earned his commissions.

Vendor's brolcer {in exchange) not prejudiced by vendor's refusal to have consideration appraised.

West v. Lynch, 1 City Ct. 225. Defendant employed plaintiff to -negotiate for the purchase of a certain house and lot. The price of the house was fixed at $34,500. It was subject to a mortgage of $12,500 .and the owner’s equity was to be paid for in diamonds of that value. These terms were assented to by the owner, as well as by the defendant. The owner of the house being uninformed as to the value of diamonds, -proposed to have the diamonds appraised by some competent and disinterested person. Defendant refused to assent to this arrangement, and ithe trade fell through. Plaintiff sued to recover his commissions, which' ■defendant had agreed to pay on making the exchange.—Held, upon appeal from a judgment in defendant’s favor, that as the value of the diamonds, in the nature of things, had to be fixed, the defendant’s refusal to agree upon any equitable mode of fixing their value was capricious, and could not deprive the broker of the price agreed upon for his services.

Vendor’s brolcer not prejudiced by failure of vendor's title.

Smith v. Mooney, 14 Weekly Dig. 237. Defendant was employed by plaintiff to sell her real estate, and he found a purchaser at her price, and a written contract of sale was made between plaintiff and the purchaser. A right of way along an open alley across the the premises was not mentioned nor excepted in the contract, and by reason of this defect sn title, the purchaser was released from his bargain by a judgment of court. It appeared that plaintiff was well acquainted with the premises .and that the easement was created by her own deed. Defendant having .collected certain moneys for plaintiff, retained his commissions for effect *211 ing the sale, whereupon plaintiff sued to recover them.—Held, upon appeal from a judgment in defendant’s favor, that defendant, being in no way responsible for the defect in title or in the description, and having found a purchaser, which plaintiff employed him to do, he was •entitled to compensation.
Doty v. Miller, 43 Barb. 529. Plaintiff’s assignor was employed by •defendant to negotiate the sale of a mortgage. He did procure a person who agreed to purchase the mortgage, but who failed to complete the transaction. Plaintiff offered to prove upon the trial by the person •agreeing to purchase that his refusal was caused by the fact that, on «examining the title, he found it defective, and found prior encumbrances •on the property, but the evidence was excluded and exception taken.— Held, error to nonsuit plaintiff on the ground that no commission was ■earned if the sale was not consummated. The evidence was improperly ■rejected. A broker finding a purchaser willing to purchase at the price named has earned his commissions, though the sale was never completed, "without any fault of the broker. Following Glentworth v. Luther, 21 Barb. 145, and Holly v. Gosling, 3 E. D. Smith, 262.
Loffler v. Brestenstein, 19 Weekly Dig, 444. Action to recover commissions as broker in negotiating the sale of a lease, stock and fixtures •of a store. The complaint set out a contract by defendant to employ •plaintiff as broker to sell certain real estate. That a customer was found, who agreed in writing to purchase the property at a fair price that would .fix plaintiff’s commission at $200. Defendant refused to consummate the contract on the ground that the consent of the landlord could not be obtained. —Held, upon appeal reversing a judgment dismissing the the complaint, that plaintiff had performed his duty as broker when he produced a customer satisfactory to defendant, and was thereupon entitled to his compensation as such whether defendant fulfilled the contract or not.
— nor by his sale to another.
Moses v. Bierling, 31 N. Y. 462. Action to recover commissions •earned by plaintiff, in negotiating a sale of Prussian muskets for defendants. It was proved that the service was requested by defendants and performed with reasonable dispatch by plaintiff. Defendants ■declined to accept the purchaser and to pay plaintiff’s commissions on the ground that they had sold the muskets in the meantime to another party, through the agency of a different broker.—Held, upon •appeal from a judgment in plaintiff’s favor, that when a broker produces a proper party, ready to make the purchase at a price satisfactory to the principal, he performs his undertaking, unless the principal has already parted with the property ; and the principal cannot relieve himself from liability by a capricious refusal to consummate performance.

*212
Vendor's broker not prejudiced by purchaser's rescission for vendor's-misrepresentations. .

Condict v. Cowdrey, 23 State Rep. 600; s. c., 5 N. Y. Supp. 187. Defendant employed plaintiff as broker, to sell a large tract of land situated in Kentucky, agreeing to pay him therefor ten per cent, of the-purchase price. In pursuance of his employment plaintiff after soliciting and conferring with many persons, finally introduced to defendant two persons who shortly after entered into contract with defendant fora purchase of the land. They subsequently refused to fulfill their contract, claiming that defendant had induced the contract by false and fraudulent representations. Plaintiff sued for his commissions, and-recovered a verdict,—Held, upon appeal affirming the judgment, that all that a broker undertakes as a condition of his right to demand ommissions, is to bring the buyer and seller to an agreement. The-commissions are earned when the broker produces a party with whom the owner is satisfied, and who contracts for the purchase at an acceptable price. It is not necessary' that the purchase money shall be actually paid. The words “ acceptable price ” mean price or rate satisfactory to the vendor, and not money actually paid in consummation of the sale.
Glentworth v. Luther, 21 Barb. 145, Plaintiff, under defendant’s employment to sell for him a house in N. Y. City, negotiated a sale thereof to one M., at the price of §19,000, and a contract was thereafter entered into between said M. and defendant, for the sale of the house mentioned. It was proved that defendant induced M. to enter into the contract through false and fraudulent representations, by reason of which M. refused to consummate the transaction. Plaintiff sued for his commissions,—Held, upon appeal from a judgment in plaintiff’s favor," that the refusal of the proposed purchaser to perform the contract, was no fault of plaintiff, and would not excuse defendant from paying his regular commissions. That the commission is due to the broker at the time when he produces to his principal a party with whom the owner is satisfied and with whom he contracts, is manifest from the fact that when this is done the broker has exhausted his power to act. Having thus done all that it is possible for him to do, he has certainly done all that he can be held to have contracted to do.

Vendor's broker earns no commission if proposed purchaser on credit proves irresponsible.

Phelan v. Schell, 19 Weekly Dig. 49. Plaintiff’s assignor, a real estate agent, negotiated a contract between defendant and one K. for a sale by defendant of real estate owned by him for $140,000, without immediate payment, accompanied by a loan from defendant to K. of' $160,000; K. to procure a further loan of $60,000, and erect a large- *213 ¡number of houses on the property. Before, however, the contract was «consummated by its actual execution and delivery defendant discovered that K. was pecuniarily embarrassed, and he refused to perform the ■contract. The broker then claimed his commissions, and sued to recover. —Reid, upon appeal from a judgment in defendant’s favor, that upon •an ordinary sale of lands for cash, the pecuniary responsibility of the .purchaser is not important in determining the broker’s right to commis•sions, but in a contract like the one at bar, the broker is bound to see 'that the buyer he produces is responsible, and if at any time before ■consummation, the.vendor discovers that the proposed purchaser is irresponsible, and therefore refuses to perform the contract, the broker is not entitled to any commissions.

Borrower’s broker not prejudiced by failure of borrower's title.

Holly v. Gosling, 3 E. D. Smith, 262. Action by broker for commissions upon the negotiation of a loan upon defendant’s property. Plaintiff found a lender with the money in readiness, and obtained a consent to the loan with an approval of the proposed security. The proposed lender upon examining the title found the property to be incumbered therefore refused to consummate.—Reid, upon appeal from a judgment ¡in plaintiff’s favor, that the latter having found a lender, with the money •ready, he did in fact procure a loan, and therefore did all that was ¡necessary to make his title to commissions perfect. That it was no ¡part of his duty to remove incumbrances upon the premises; and if an Incumbrance was found, or if by his failure to remove the incumbrance the lender refused to consummate the transaction, that was defendant’s ¡fault and furnished no defense to plaintiff’s claims for commissions.

Broker to procure loans loses commissions if lender refuses to fulfill.

Crasto v. White, 52 Hun, 473; s. c., 23 State Rep. 535; 17 Civ. Pro. R. 46; 5 N. Y. Supp. 718. Plaintiff was employed by defendant to procure a loan on property belonging to the latter. Plaintiff procured an offer from a company to loan the sum required, which offer was accepted. The company making the offer subsequently refused to fulfill the same, through no fault of the borrower. Plaintiff sued to recover his commissions. Reid, that plaintift.could not recover. That a broker employed to procure a loan upon real property does not perform his contract so as to entitle him to the commission simply upon procuring ■a satisfactory offer. The loan must be actually made. The court in distinguishing the case from that of an employment to secure a purchaser says : “ When a broker is employed to procure a purchaser, when he presents to the other a person who is able and willing to contract for the purchase of the property, his duties are fulfilled; and if the party refuses to accept, or after contract signed the purchaser improperly refuses to take, it does not affect the right of the broker to *214 his compensation. There his contract was to procure a purchaser able- and willing to purchase, and when he presents him his commissions-are earned. In the case at bar the contract was to procure a loan, not to procure somebody who said he was willing to make the loan * and if without any fault upon the part of the defendant the party offering refuses to make the loan, the contract is not fulfilled. There is noway in which a party can compel another to make a loan, the case being entirely different from that of a purchaser of real estate who-could be compelled to complete.”
[This decision overrules, in effect. Crasto v. White, 3 N. Y. Supp. 682.]
Contra, if borrower does not fulfill.
Corning v. Calvert, 2 Hilt. 56. Defendant made application to-plaintiff’s assignor for a loan on his two houses. A party desiring to make a loan, to be secured by one mortgage on both houses, was found, and. a contract was entered into between him and defendant. The title was. investigated and proved to be sound, but the matter fell through because-defendants brother would not sign the bond unless there were two mortgages.—Held, upon an appeal in an action for broker’s commissions, that plaintiff’s assignor had performed his service and was entitled to-his commissions.
— even, if he stipulated to pay out of the loan.
Putzel v. Wilson, 49 Hun, 220. Plaintiff was employed by defendants to procure a loan on property belonging to the latter. He did find persons willing to take the loan who agreed to take it, on terms, satisfactory to defendants, but on examination of the title of their property it was ascertained to be defective, and for that reason the loan was. not made. It appeared that plaintiff and defendants subscribed to an agreement containing a stipulation that the amount of plaintiff’s commissions should be deducted from the amount loaned.—Held, in an-, action brought by plaintiff for his commissions, that defendants could not rely upon their own default to defeat plaintiff’s right to recover compensation for the services performed by him, and the recovery of. the same could not be denied because of the stipulation mentioned.

Purchaser's broker not to be prejudiced by vendor's failure of title.

Knapp v. Wallace, 41 N. Y. 477. Defendant employed plaintiff’s-assignor, as broker to purchase certain houses and lots in N. Y. City, agreeing to pay for such service one per cent, of the purchase price. The broker in pursuance of such agreement brought to defendant a vendor, who made with defendant a contract for the sale of certain premises. The title was found to be defective and defendant refused to-consummate the sale.—Held, upon appeal in an action for plaintiff’s- *215 commissions, that a broker earns his commission when he has in good faith brought to his employer a vendor, who makes a written contract for the sale of the property. It is no answer to his claim for commission against such employer, that the vendor could not make perfect title,, and was therefore unable to carry out his.contract.

Purchaser's failure to fulfill.

Irwin v. Mowbray, 6 N. Y. Supp. 430. Plaintiff’s brokers secured purchaser for defendant’s vacant lots. A contract was signed, by the-terms of which the price was $17,600, the purchasers to give a bond and mortgage for the same on the lots, and the vendor was to make a building loan of $ 10,000. The purchasers failed to fulfill the contract. Plaintiff.' sued to recover his commissions. Defendants set up that plaintiffs made fraudulent representations concerning the pecuniary condition of the proposed purchasers.—Held, that as defendants were in no way influenced by such misrepresentations, they did not constitute a ground for refusal to pay the commissions.

Change of requirement as to amount.

Van Lien v. Byrnes, 1 Hilt. 133. Defendant employed plaintiff’s firm to procure a loan of $9000 upon two houses, agreeing to pay one per cent, commission. The firm introduced him to S., another broker, who in turn introduced him to St. J., who offered him a loan of $7000. This he agreed to take, but subsequently, finding it insufficient for his purposes, declined it. S. thereafter procured a loan from another person of $7000, for which defendant paid S. a commission. Plaintiff sued to recover commissions for procuring the loan of $7000,—Held, that plaintiff could recover, S. having told defendant that he had nothing to do with the commissions on that loan, but would settle with plaintiff. That the fact that the negotiations with St. J. fell through, did not affect plaintiff’s right to recover. That where no custom is shown, a broker, like any other person who performs services for another, is entitled to compensation ; and it is immaterial whether his services prove beneficial to his employer or not, if he has fully performed what he was employed and undertook to do, he is entitled to be renumerated.

Agency of another broher.

Blomquist v. Arnold, Daily Reg. June 26, 1884. Plaintiff, a real' estate broker, inserted an advertisement in a daily paper offering certain-property .for sale or exchange. Defendant called in response to the-same, and gave plaintiff particulars concerning a piece of country property, which he desired to exchange for city propertv. Matters rested for a while, when plaintiff wrote defendant requesting him to-examine certain property in N. Y. City, mentioning the price and terms *216 for which it could be purchased. Plaintiff and defendant had various interviews concerning this particular property, but nothing was ever said concerning an exchange. A few months afterwards, defendant exchanged his country property for the property mentioned, but •through the agency of another broker, whereupon plaintiff sued for commissions,—Held, upon appeal from a judgment in plaintiff’s favor, 4hat before a broker is entitled to commissions for his services in effecting a sale or exchange, he must, if specific terms are not given him by the customer, not only prove employment and a subsequent sale and •exchange of the property, but show that he actually brought the parties together, and was so instumental in the negotiation that the minds of .all parties met in all the specific details which would be essential to a final determination and closing of the contract of purchase and sale; .and that therefore plaintiff could not recover.

Limit of time.

Duclas v. Cunningham, 20 Weekly Dig. 102, Plaintiff, a fruit broker, was authorized by defendant, upon the 27th day of April, to sell for them 673 casks of prunes at 7 cents a pound. Upon the following day plaintiff found a responsible purchaser for the prunes and immediately notified defendants of that fact. Defendant then refused to sell ■.the prunes, claiming that plaintiff’s authority to make the contract was limited to the 27th of April.—Held, upon appeal from a judgment in plaintiff’s favor, that the jury having found on conflicting ■evidence that plaintiff’s authority to sell was not limited to the 27th, he was entitled to his commissions. That to maintain the claim of a broker for his commissions, it is only necessary for him to show that he has procured a responsible purchaser for the property at the price for which he was empowered to sell, or that the principal had deprived him of the opportunity to do so while the privilege lasted.

Obligatory oral agreement, and refusal to sign written.

Cook v. Fiske, 12 Gray, (Mass.) 491. Defendant employed plaintiff, a ship broker, to obtain a charter for a vessel of which defendant was master and part owner. Plaintiff brought defendant a customer, with whom defendant, with the help of plaintiff, agreed for a charter to the Canary Islands, for $2000. A memorandum of an agreement was made by the freighter, who asked defendant to sign it, but he refused to do so, and said that he would not sign anything until a, charter party was prepared. The agreement for a charter was complete and the captain agreed to sign a charter party; but when drawn up, refused, - without any sufficient reason, and the vessel did not proceed on her voyage.—Held, upon an appeal from a judgment in plaintiff's favor in an action for his commissions, that plaintiff had performed his whole •duty as a broker or middleman when he brought the parties together, *217 .and they had negotiated the terms on which the vessel was to be let. The verbal agreement being obligatory, defendant might have enforced it, and he could not set up his own willful refusal to fulfill the contract •as a ground of defense to plaintiff’s claim for compensation.

Stipulation to pay broker whoever should effect sole.

Mooney v. Elder, 56 N. Y. 238. Defendant employed plaintiff to ;sell his house, agreeing that if a sale was effected through plaintiff’s agency or that of any other person, plaintiff was to receive a stipulated ■commission. Plaintiff advertised the property and made efforts to sell to different persons, among others, a church society. A parol contract was .made between defendant and the society, and the former told plaintiff he had sold the house to the church. Upon presentation of plaintiff's • account, defendant refused to pay, claiming that he had withdrawn the property from the market. At the time plaintiff’s action was commenced, no contract had been made and no part of the purchase money had been paid. The sale was thereafter consummated and the property ■conveyed to the society.—Held, that plaintiff was entitled to his commission upon the production of a purchaser, ready and willing to purchase on defendant’s terms, although defendant was unable or refused ¿to consummate the contract.

 See note at the end of this case.