WILSON BURLING, Respondent, *against* C. GODFREY GUN-
THER, Appellant.

(Decided March 15th, 1883.)

To entitle a broker employed to obtain a loan to commissions, he is not
bound to procure a binding contract to make the loan, from a party
willing to do so. Procuring such a party is sufficient in that behalf, and
the eventual right to commissions then depends upon the subsequent
negotiations between the principals; and the principal cannot, by his
own default, deprive the broker of his right to compensation.

Upon the trial of an action by a broker for commissions, the defendant,
alleging that the plaintiff acted, in the negotiation for which commis-
sions were claimed, merely as agent of another broker, requested the
court to charge that a certain letter written by the defendant to the
plaintiff and admitted in evidence was not inconsistent with the fact, if
it existed, that the plaintiff was acting as the agent of such other broker.
*Held,* that this was properly refused, as the question of the effect of the
writing as proof was to be decided by the jury, not the court.

Where a special contract for employment has been fully performed by the
employee, he may maintain an action upon the implied promise of the
employer to pay the stipulated price of his services, without alleging
the special agreement.

APPEAL from a judgment of the General Term of the
Marine Court of the city of New York, affirming a judg-
ment of that court entered upon the verdict of a jury, and
from an order denying a motion for a new trial.

At some date in or prior to August, 1878, defendant em-
ployed Harnett, a real estate broker, to procure a loan of
$35,000 for him at six per cent. interest per annum to be
secured upon certain real estate in the city of New York.
In that month Earle, a clerk for Harnett, applied to plaint-
iff's assignor, George H. Burling, to obtain the loan. The
latter succeeded, on September 4th, 1878, in procuring an
acceptance of his proposal from a party represented by Mil-
ler & Peckham, as attorneys, by the following letter written
by them on that day:

"Sept. 4th, 1878.

" Geo. H. Burling, Esq., 34 Pine St., New York:

" Sir—The loan for $35,000 at six per cent. for three years' bond of C. Godfrey Gunther on premises 30 Cortlandt street and 10 Church street has been accepted, and we will be glad if you will send us the papers without delay.

" Yours respectfully,    Miller & Peckham (Opdyke)."

On the same day information of this fact was given to defendant by George H. Burling, and defendant gave him a writing in these words:

"Brooklyn, Sept. 5th, 1878.

" Mr. George H. Burling:

" Dear Sir—I am ready to accept your loan on the 5th inst., at one P. M., provided the same has not been taken elsewhere. The commission to be four hundred dollars, and also provided the lawyer's fees can be agreed upon.

" Very truly yours,          C. Godfrey Gunther."

From the evidence this was written September 4th, instead of the 5th, as dated.

Defendant afterwards did nothing. On September 6th, the parties who had accepted the loan withdrew their acceptance, because the papers were not delivered as promised on the 5th, and so notified George H. Burling in the following letter:

"New York, Sept. 6th, 1878.

" Geo. H. Burling, Esq.:

" Dear Sir—The papers relating to loan on property of Mr. Gunther, Cortlandt and Church streets, not having been delivered to us yesterday as promised, nor to this time, we withdraw our acceptance of the loan.

" Very respectfully yours,       Miller & Peckham."

The complaint alleged that on and prior to September 5th, 1878, George H. Burling performed work, labor and services as broker for defendant, at his request, in procuring a loan of $35,000 upon premises, describing them as above, the property of defendant, for which defendant promised to pay the sum of $400; that such services were reasonably

Burling *v.* Gunther.

worth that sum, and no part of it had been paid; and that said George H. Burling had assigned said claim to plaintiff.

At the trial in the Marine Court the complaint was dismissed, and a motion by plaintiff for a new trial was denied, and judgment entered for defendant; but on appeal by plaintiff to the General Term of that court the judgment and order denying a new trial were reversed, and a new trial was ordered. Upon such second trial, the jury found a verdict for plaintiff for $400, and a motion by defendant for a new trial upon the minutes was denied, and judgment for plaintiff was entered on the verdict; and on appeal by defendants from the judgment and the order denying his motion for a new trial, the General Term of the Marine Court affirmed the judgment upon the plaintiff stipulating to reduce the recovery from $400 to $175, the amount to which commissions were limited by statute. From this decision defendant appealed to this court, which reversed the judgment and ordered a new trial.

Upon such new trial, a motion by defendant to dismiss the complaint was denied; and the judge instructed the jury that if plaintiff had performed the services for which he was employed, he was entitled by statute to recover $175, being one half of one per cent. on the amount to be loaned, and interest thereon; to which the defendant excepted, on the ground that under the statute they could bring in a verdict for a less sum. The jury found a verdict for plaintiff for $212.92, being $175 commissions, with interest thereon. Defendant made a motion on the minutes of the justice for a new trial, which was denied; and the order entered thereon further directed that to the minutes of the trial reported by the stenographer, should be added, at the close of the testimony, and before the charge of the judge, the following words:

"In answer to an inquiry of the judge as to the evidence in the case concerning the rate of compensation, it was conceded by counsel on each side that the plaintiff if entitled to recover upon his claim for services the recovery might be regulated by the statutory allowance of one half

of one per cent. on $35,000, that is $175, the limit according to that rate permitted by the statute."

Judgment for plaintiff was entered upon the verdict. From the judgment and the order denying his motion for a new trial, defendant appealed to the General Term of the Marine Court, which affirmed both; and from this decision defendant appealed to this court.

*C. Bainbridge Smith,* for appellant.

*Charles W. Dayton,* for respondent.

BEACH, J.—The main question, at trial term, seems to have been, whether Burling, the plaintiff's assignor, was a principal in dealing with the defendant, or acted as agent for Harnett, who was originally employed to procure the loan. The complaint counted for work, labor and services done at the defendant's request, in the matter of obtaining a loan of money.

The letter of September 4th, incorrectly dated the 5th, seems competent as tending strongly to show Burling to have been a principal, from its being addressed to him, stating a readiness to accept his loan the next day at one o'clock P. M., and the amount of commissions. It also indicated an acceptance by defendant of the fruits of Burling's effort, sufficient in so far, to make him liable to pay commissions without proof of prior independent employment.

To entitle himself to commissions, Burling had to produce a party willing to make the desired loan, upon the defendant's terms. His having done so was evidenced by the letter of Miller & Peckham, dated September 4th, and the defendant's acceptance above referred to. Its proviso necessitating an agreement about the lawyer's fees never became important, because neither the defendant nor his papers were present on September 5th at one o'clock, and Miller & Peckham on the 6th by letter to Burling, for that reason, withdrew their acceptance of the loan. If the loan was not made, because the defendant failed to furnish the

papers, he could not by his own default deprive the broker of his right to compensation (*Moses* v. *Bierling*, 31 N. Y. 462). The evidence on this point was before the jury, with a correct statement of the law by the learned judge, who charged that if the negotiation fell through by want of performance on the part of defendant, and not through Burling, the plaintiff could recover. The broker was not bound to procure a binding contract to make the loan from the party who was willing to do so. The production of such a party was sufficient in that behalf, and the eventual right to commissions then depended upon subsequent occurrences between the principals. Had the defendant or his papers been present at the proper time, and satisfactory, the failure to agree upon lawyers' fees ending negotiations, the broker would have lost his commissions. But there was no proof of such facts.

The subsequent exclusion of testimony given, tending to show the performance of extra services, was permissible. The evidence was very slight, and the course and result of the trial shows it could not have produced any effect upon the jury prejudicial to the defendant. There was no error in declining to charge that the so called written contract was not inconsistent with the fact, if it existed, that Burling was acting as the agent of Harnett. The request called upon the court, to pass without its province, by expressing an opinion of the effect of proof; which, whether consistent or inconsistent with the contention of either party, is to be decided by the jury, and not the court. The issue of Burling being agent or principal, was submitted to them, with the instruction that if found not to have been individually employed, or associated in interest with or acting under Harnett, they to divide the commissions, the plaintiff could not recover.

The form of the complaint is not objectionable. It avers the performance of work, labor and services for the defendant, at his request, his promise to pay for them four hundred dollars, and their being reasonably worth that sum. Full performance of a special contract has always entitled

Burling *v.* Gunther.

one party to count upon the implied assumpsit of the other to pay (*Farron* v. *Sherwood*, 17 N. Y. 227). When the action is in this form, the special agreement must be produced on the trial, that the question of its performance may be intelligently passed upon.

The order of the court below inserting a concession by counsel in the record, concerning the sum to be recovered in case the jury found in plaintiff's favor, avoids the exception to the charge upon that subject. The wording of the concession is open to criticism for uncertainty in expression. But in view of the charge of the learned judge, in substance that if entitled to recover the verdict should be for the statutory allowance, one hundred and seventy-five dollars, and of the case having been before this court, and the new trial ordered upon a point based on the statute, and presumably familiar to court and counsel, I think the concession was intended to define the sum, should the plaintiff succeed, because otherwise it was wholly useless. The words "regulated by" should be omitted to conform the reading with the intent and understanding of court and counsel.

The judgment should be affirmed with costs and disbursements.

CHARLES P. DALY, Ch. J., and VAN BRUNT, J., concurred.

Judgment affirmed, with costs.