(19 Misc. Rep. 53.)

### FRISCHMAN v. ZIMMERMANN et al.

(Supreme Court, Appellate Term, First Department.   December 28, 1896.)

1. EXCEPTIONS—REVIEW OF INSTRUCTION.
    An instruction to which no exception was taken will not be reviewed.
2. SAME—ADMISSION OF EVIDENCE.
    An exception must be taken, in order to bring up error in admitting evidence.
3. SAME—REMARKS OF COUNSEL.
    In the absence of an exception to remarks of counsel, they will not be reviewed.
4. RETAINING EVIDENCE—DISCRETION.
    Retaining evidence which has once been admitted of record is within the discretion of the trial court.
5. DISCHARGE OF INDORSER—QUESTION NOT RAISED BELOW.
    The contention that an indorser on the note in suit was discharged by an agreement between the payee and maker cannot be made for the first time on appeal.
6. ACTION ON NOTE—PENDENCY OF SUIT TO FORECLOSE MORTGAGE—LEAVE OF COURT TO SUE.
    The objection that an action on a note given for rent was brought pending a suit to foreclose a mortgage securing the rent, which resulted in a judgment for recovery of such rent, without leave of the court trying the fore-

closure suit (Code Civ. Proc. § 1628), should be taken by answer, and cannot be raised for the first time by an exception to the denial of a motion for leave to amend after the trial.

Appeal from city court of New York, general term.

Action by Ignatz Frischman against Moses Zimmermann and Herman Wacke. From a judgment of the general term of the city court of New York (41 N. Y. Supp. 1115, mem.) affirming a judgment on a verdict in favor of plaintiff, defendant Zimmermann appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Samuel D. Levy, for appellant.
Jacob Fromme, for respondent.

BISCHOFF, J. Plaintiff, the payee of a promissory note made by one Wacke, brought this action against the maker and the defendant appellant, an indorser before delivery, alleging the indorsement to have been for the purpose of giving the maker credit with him (the payee); and the defenses set up were: (1) That the plaintiff was not the holder and owner of the note; and (2) that it had been indorsed by defendant solely for the plaintiff's accommodation.

The first defense was unsupported by evidence, and was apparently abandoned, at least on this appeal. In support of the judgment we have the plaintiff's testimony that Wacke, the maker of the note, had been negotiating with him for a lease of certain property on Coney Island, and that the terms of the lease had been set forth in draft form, when the question arose as to Wacke's ability to pay the first installment of rent, $500, due in advance. Wacke stated that he could get the money from the defendant, and thereupon he and the plaintiff called upon defendant, who said, after Wacke had explained that he "had a draft lease," and required $500: "I cannot give you cash. I give you $500 in note. * * * My note is just as good; like money." This is not claimed to have been the exact language used by the defendant, but it is the plaintiff's rendering of it, with such proficiency of English as he had to voice his recollections. The note in suit was drawn and indorsed at this interview, but was not delivered by Wacke to the plaintiff until two days thereafter, when the lease in question was executed, and the payment became due. Here were all the requisite elements of the plaintiff's cause of action as alleged,—an indorsement before delivery with the intention that credit should be given to the maker in reliance upon it, and consideration moving from the payee, the plaintiff.

The defendant contends that the lease had been executed two days before the making of the note, instead of two days after, and that therefore there was no consideration for the indorsement. In this he is in error, since the evidence is directly to the contrary. Further, it is claimed that the defendant's evidence shows the agreement under which this note was received to have been otherwise than as testified to by the plaintiff, and to have actually been as alleged in the answer, —an agreement whereby the indorsement was for the accommodation of the payee alone. As to this conflict of fact, the finding of the jury

and the affirmance by the general term concluded the matter in favor of the plaintiff, and we are only called upon to determine whether there was any evidence in support of the judgment, or of the ruling excepted to, whereby the motion for a dismissal of the complaint was denied (Carney v. Reilly, 18 Misc. Rep. 11, 40 N. Y. Supp. 1113); and, as noted, there was such evidence.

Further, the appellant assails the justice's charge to the jury, but no exception was taken to the charge in whole or in part; neither was any question presented by requests to charge; hence, as to this, there is nothing before us to review. Kraus v. Mohlman Co. (Appellate term, Nov. 25, 1896) 42 N. Y. Supp. 23.

Again, it is claimed that evidence of the defendant's attempt to settle the matters here involved, before suit, was erroneously admitted; that some of the testimony with regard to this attempted settlement had to do with acts of a third party, not the defendant's agent; that counsel was improperly permitted to refer to this attempted settlement in his opening to the jury; and that the court failed to instruct the jury appropriately as to disregarding such statements of counsel. None of the points made as to the admission of evidence of the assumed agent's acts, as to the allowance of statements by counsel, nor as to the instruction of the jury is presented by an exception, which is essential to a review by this court. Mackie v. Egan, 6 Misc. Rep. 96, 26 N. Y. Supp. 13. And the evidence as to the offer of settlement by the defendant himself was objected to only after it had been received of record; and therefore not the propriety of its admission, but the expediency of its retention in the case, was presented to the trial judge, and the appellant's objection called only for a discretionary ruling, the exception to which does not present error.

Another contention for a reversal is based upon the fact that plaintiff and Wacke, subsequent to the making of the lease under which this note was given in payment of rent, entered into another agreement, as a substitute, with somewhat different terms, although not as to the payments to be made. Therefore, it is urged, there was a deviation from the terms of the agreement under which the note was indorsed, and the indorser should be discharged. This argument might have been forceful if addressed to the trial court, and the point had been raised by the answer and by some exception; but the matter is addressed to the court for the first time upon appeal, and is not presented by the record. Schwinger v. Raymond, 105 N. Y. 648, 11 N. E. 952.

Finally, it is claimed that this action was not maintainable, because the plaintiff, during its pendency, had obtained a judgment of foreclosure in an action founded upon a mortgage given as security for rent under the lease to Wacke, the recovery having included the rent in payment of which this note was given, and no leave of court to prosecute this action having apparently been obtained. Code Civ. Proc. § 1628. But this question was not raised by the answer (Brush v. Hoar [Sup.] 1 N. Y. Supp. 112; McKernan v. Robinson, 84 N. Y. 107), and the point is brought before us only by an exception taken to the denial of the appellant's motion for leave to amend his pleading after the close of the case. This ruling was at most within the discretion of the trial court, if, indeed, the motion was not too late to call even for

the exercise of discretion, and the exception is not availing upon this appeal. The appellant raises no further points, and the judgment should be affirmed.

Judgment affirmed, with costs. All concur.