(19 Misc. Rep. 101.)

### FRIEND et al. v. JETTER.

(Supreme Court, Appellate Term, First Department. January 25, 1897.)

**1. BROKERS—PROCURING PURCHASER—RIGHT TO COMMISSION.**
  A broker employed to procure a purchaser is entitled to his commission where he secures a person ready and willing to buy on the principal's terms, and the principal refuses to sell because the broker will not make his right to commissions dependent on the purchaser's observance of the contract of sale.

**2. TRIAL—INSTRUCTIONS—NO EVIDENCE TO SUPPORT.**
  A party is not entitled to go to the jury on the question whether a representation that the rental income of certain property was $3,500 a year was untrue, where the only testimony of its falsity was a recital in a question put to him by his counsel, and answered in the affirmative, that "you understood there were leases on that property, bringing in a certain income every year, and, when you found out it was not so, you refused to carry out the contract."

**3. SAME—REQUESTING FULLER INSTRUCTIONS.**
  Failure to instruct that the falsity of representations made to procure a sale justified the defendant in refusing to sell, though there was no fraud, is not error, where the answer may be construed as presenting only the question of fraud in the representations, and the court charged correctly on that question, no further instructions being requested.

Appeal from city court of New York, general term.

Action by Banned Friend and another against Gottlieb Jetter. From a judgment of the city court affirming a judgment entered on a verdict in favor of plaintiffs (41 N. Y. Supp. 560), defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

E. J. Myers and Leonard Bronner, for appellant.

David Leventritt, for respondents.

BISCHOFF, J. The action is for broker's commissions upon the sale of real estate, and the recovery below is challenged by the appellant, through the exception taken to the denial of the motion for a dismissal of the complaint, or for the direction of a verdict. In so far as the facts are thus brought before us, we find more than a sufficiency of evidence to support the ruling excepted to, and a sufficiency is only to be sought upon this appeal. Indeed, the record discloses substantiation of the plaintiffs' allegations, without conflict in the evidence. Engaged by the defendant to procure a purchaser, the plaintiffs secured one Greenwald, able and willing to conclude a contract of sale at the defendant's terms. At the time of the original meeting between the parties to the intended transaction, thus brought about, a provisional agreement, looking to a contract, and naming the time and place of its proposed execution, was en-

tered into, and, agreeably to this agreement, the prospective pur-
chaser met the defendant, prepared to execute the contract, but de-
fendant withdrew from the transaction, and refused to become a
party to the intended agreement, while conceding the willingness
and ability of Greenwald to so contract.    Unexcused, this refusal of
the defendant to perform his part of the contract, to which the other
party, ready and willing to perform, was procured by the brokers in
fulfillment of their agreement with the defendant, rendered him
liable to them for their commissions, since, notwithstanding that the
transaction in which they were employed did not culminate in suc-
cess, that success was prevented solely by the defendant's act, and
the plaintiffs had performed all that was expected of them.    Sibbald
v. Iron Co., 83 N. Y. 378; Rockwell v. Hurst (Com. Pl.) 13 N. Y. Supp.
290; Burling v. Gunther, 12 Daly, 6.    Except as founded upon the
affirmative defense of fraud, hereafter to be noticed, the defendant
excused his refusal to conclude the contract only upon the ground
that the plaintiffs, at the time when the parties had met to execute
the agreement, declined to render their right to commissions de-
pendent upon Greenwald's observance of such agreement, the con-
tract of sale.    Such a condition was not a part of the agreement
under which these brokers were employed.    They were to procure a
purchaser, and this they did.    A purchaser was produced, able and
prepared to bind himself to the bargain; and an act of protection of
the defendant's rights under the contract, beyond the protection
afforded by law, was not within the broker's duty to perform.    The
allegations of the complaint, then, were fully supported by proof, and
the submission of the case to the jury was certainly not erroneous.
Its withholding would have been manifestly improper.

Next, the appellant, waiving all exceptions taken to rulings upon
the admission or exclusion of evidence, urges two exceptions inter-
posed to the charge, as touching the defense of fraud or misrepre-
sentation on the part of the plaintiffs, whereby he was induced to
enter into negotiations with Greenwald, and upon which, after being
apprised of the facts, he claimed justification for his refusal to com-
plete the contract.    These misrepresentations, as claimed, had to
do with two matters relating to the consideration to be received
by the defendant for his property, the expected transaction being in
nature an exchange of real estate.    The defendant alleges that the
rental production of Greenwald's property had been represented by
the plaintiffs as $3,500 per annum, and that this representation (a
material inducement to him) was false.    The trial justice charged the
jury that there was no evidence showing the income, in rents, from
this property to have been less than the sum represented, and to this
the defendant excepted, claiming upon this appeal that there was
such evidence.    We fail to find it in the record.    There was no at-
tempt made to show what the avails of this property were, whether
more or less than $3,500 annually, and the nearest approach to proof
upon the subject is found in the following question and answer, oc-
curring in the course of defendant's direct examination:

"Q. You made that contract because you were given to understand that there
were leases on that property bringing in a certain income every year, and after-

wards, when you found out it was not so, then you refused to carry out the contract? A. Certainly."

This was obviously insufficient in support of an exception to the charge in question, which dealt with the absence of proof that the property produced a sum less than a stated amount. Whatever the condition of the property as to outstanding leases, a finding by the jury, from this evidence, that the rental productiveness of the premises was less than $3,500, would have been based, not upon proof, but upon the merest conjecture.

Finally, we are to consider an exception taken to the charge of the court upon the questions raised by the defense of misrepresentations as to outstanding leases upon the property, the defendant having testified that the plaintiffs had falsely represented that there were such leases, which representations the plaintiffs denied having made. As to this the court charged:

"The question as to these leases is the only defense I can see in the case; and it is for you to say if the plaintiffs falsely represented to this defendant that there were leases on this property at the time of the making of this agreement, when in reality they had expired on May 1st, which was previous to the month of June, when this transaction took place."

And the jury were then further instructed as to the elements of fraudulent misrepresentations, to the effect that knowledge of the falsity, upon the part of the plaintiffs, should appear, and reliance upon the part of the defendant. The defendant's exception was "to that part of the charge which states substantially that the only particle of defense is as to the leases, and thereupon instructs and submits to the jury the question of fraud." As we gather, although the argument is not clear, the appellant's contention founded upon this exception is that the defense as pleaded had to do with the fact that the representations were untrue, and was not based, necessarily, upon the fraudulent character of such representations. No point is made touching the statement made by the trial justice that the only defense had to do with these leases. In fact, this statement was correct, whether the defense was founded upon mistaken assertions by the plaintiffs or upon their fraudulent misrepresentations. The leases formed the subject of the only defense disclosed by the proof. Now, was error presented by the exception in the manner in which it was framed with regard to the instructions given as to the alleged fraud? So far as it went, the charge was not erroneous; and, if the defendant desired some addition or qualification based upon a construction of the answer which was not its obvious construction, he should have pointed out the defect, or suggested the nature of the qualification. The answer might have been construed, perhaps, as intending a defense based either upon fraud or mistake, but more rationally as excluding the element of mistake; and the point now made, that fraud was not in the case, should have been presented at the trial by something more than a general exception. Wells v. Higgins, 132 N. Y. 464, 30 N. E. 861; Smedis v. Railroad Co., 88 N. Y. 22; Arnold v. People, 75 N. Y. 603; Adams v. Bank, 116 N. Y. 606, 23 N. E. 7; Adams v. Steamship Co., 9 Misc. Rep. 25, 33, 29 N. Y. Supp. 56. The point is not urged that the charge should

have included a statement of the rule that representation, in the absence of knowledge, contains the elements of fraud, as well as representation with knowledge of its falsity; but the exception fails, in any event, to present the question, because too general, and the charge was correct in part. Cases supra.

Our attention is called to a ruling claimed to have been erroneous, —the refusal to charge a certain request of the defendant; but no exception was taken, and hence no review may be had of the matter upon this appeal. Frischman v. Zimmermann (Appellate Term; Dec. 28, 1896) 42 N. Y. Supp. 824.

Judgment affirmed, with costs. All concur.