41ST STREET BUS TERMINAL, INC., Plaintiff, *v.* JOHN KLINGER and Others, Defendants.

Supreme Court, New York County, March —, 1929.

*Richards & Affeld,* for the plaintiff.

*C. L. Fleece,* for the defendants.

COTILLO, J. The defendant moves to dismiss the complaint under rules 106 and 107 of the Rules of Civil Practice. The action is one to compel specific performance of a written contract for a lease by the defendant Klinger to the plaintiff of premises held by

the defendant. The written contract between the parties annexed to the complaint contains in my opinion all the essential elements necessary to fulfill the requirements of the Statute of Frauds. The term of the prospective lease is stated as five years, the rental fixed at $1,200 a year. Defendant argues that as the time for delivery of possession of the lease is not specified in the contract, it is unenforcible under section 259 of the Real Property Law. The courts of this State have repeatedly held that where time of closing is not specified the law will provide that the closing of the contract will be fixed within a reasonable time. (*Tobias* v. *Lynch*, 192 App. Div. 54; *Berman Stores Co.* v. *Hirsch*, 240 N. Y. 209.) The building being under construction, it is a fair implication that the term of the lease was to begin at or about the time when the certificate of occupancy was issued and the tenant notified of that fact. As to the alleged invalidity of the contract on the ground of the absence of written instructions as to the construction of the terminal, presumably plans and specifications are on file and further specific instructions are contained in the paper writing attached to the complaint. The other clauses absent, such as repairs, etc., involve matters which in the absence of written provisions are implied by law. As to the time when the deposit is to be given, it may be presumed that it is payable upon delivery of possession.

Motion to dismiss denied.