EDWARD G. MCWILLIAMS, Plaintiff, *v.* SUSIE MULGREW, Defendant.

Municipal Court of the City of New York, Borough of Brooklyn, January 28, 1953.

*Paul Millman* for plaintiff.

*Joseph A. Tracy* for defendant.

FEIDEN, J. Plaintiff, a licensed real estate broker, sues to recover commissions allegedly earned by him. Defendant employed plaintiff to sell her house. She originally asked him to procure a buyer for $13,500, all cash, but when the broker was unable to obtain a purchaser for that amount, she reduced her price to $11,500 and finally told him she would take $10,000, all cash. After considerable efforts to further the sale, the broker procured a buyer, ready, willing, and able to complete the transaction. Defendant, when informed by telephone that plaintiff had found a buyer at her price, agreed to the sale. A few minutes thereafter, she telephoned plaintiff to tell him that she would not go through with the transaction, stating that she had a prospective buyer who was willing to pay her $10,500. At the end of plaintiff's case, defendant moved to dismiss on the ground that plaintiff had failed to make out a cause of action. When the court reserved decision, defendant rested and renewed her motion.

Defendant relies strongly on the case of *Matter of Altz* (300 N. Y. 607), arguing that, as in the *Altz* case, there was no agreement between the buyer and the seller on all the essential terms of the transaction, and that an agreement as to price alone is not enough to entitle the broker to commission. Plaintiff similarly insists upon the applicability of *Mengel* v. *Lawrence* (276 App. Div. 180), decided a few days before the *Altz* case. In that case, it was held that in an all cash transaction, agreement as to price alone is sufficient to entitle a broker to his commission.

An examination of the record on appeal in the *Altz* case reveals that there is no proof that the transaction was an all cash deal, as in the *Lawrence* case, and also that there was a question as to whether a few feet of the property was to be conveyed to one, George Miller, a neighbor of the defendant, instead of to the purchaser. The court accordingly held that mere agreement as to price alone did not constitute a meeting of the minds of the vendor and vendee and that before the broker was entitled to his commission, the parties had to be brought into agreement with respect to all the terms involved in the sale.

The statement that agreement as to price alone is not sufficient to entitle a broker to his commission, is to be found in many cases, but an examination of these cases discloses that in each of them, there were additional essential terms remaining to be agreed upon by the vendor and vendee. None of these cases relates to all cash transactions.

Defendant contends that there was no agreement as to date of delivery of the deed and time of taking possession. It has been repeatedly held that the law presumes that delivery of deed will be made within a reasonable time. (*Tobias* v. *Lynch*, 233 N. Y. 515; *N. E. D. Holding Co.* v. *McKinley*, 246 N. Y. 40; *Gnad* v. *Herman*, 203 N. Y. S. 783; *41st St. Bus Term.* v. *Klinger*, 134 Misc. 467; *Patashna* v. *Silver*, 81 N. Y. S. 2d 717; *Bonney* v. *Schiffermuller*, N. Y. L. J., Dec. 20, 1948, p. 1598, col. 7; *Ellman* v. *Fischer Spring Co.*, N. Y. L. J., Dec. 27, 1947, p. 1895, col. 1; *Koch* v. *Simon*, N. Y. L. J., June 21, 1946, p. 2470, col. 4.) As possession follows the delivery of title, the same rule is applied as to the date of possession. (*Gnad* v. *Herman, supra.*)

Defendant cites *Hease* v. *Schneider* (112 App. Div. 336), as authority for her contention that the date of closing is an essential term. That apparently contrary decision is explained in *Gnad* v. *Herman* (*supra,* p. 784), by the statement therein that "There is nothing to show the court in that case had before it the rule stated in *Tobias* v. *Lynch,* 233 N. Y. 515, 135 N. E. 898." "In the absence of a fixed time for closing　*　*　*

the law provides that the contract shall be closed within a reasonable time.''

Defendant argues that *House* v. *Hornberg* (267 App. Div. 557, affd. 294 N. Y. 750), is authority for the proposition that the date of possession must be deemed an essential term. In that case, the defendant, in employing the broker to sell her farm, specifically indicated that she would not give possession until she had purchased a smaller farm to which she could move. Under those special circumstances, the date of possession had to be regarded as an essential term.

Defendant makes the further contention that other essential terms were not agreed upon, viz., that there was no agreement as to the type of deed to be used in the transfer, and that there was no arrangement as to apportionment of taxes or changes in insurance coverage or apportionment of insurance. These contentions are without merit. Most certainly, the only deed which was required was one which would convey good title to the premises; taxes and insurance costs would be apportioned in the same manner as is customary in all transfers of title. The type of insurance which the purchaser would have on the premises was not the concern of the seller, since she was to be paid in full for the conveyance.

If it be assumed that there were additional terms to be agreed upon, the defendant, who refused to go through with the transaction, cannot now be heard to complain when it was her own act which halted the natural progress of the transaction. (*Ostroff* v. *Doctor*, 238 N. Y. 264; *Smith* v. *Peyrot*, 201 N. Y. 210; *Tanenbaum* v. *Boehm*, 202 N. Y. 293; *Sibbald* v. *Bethlehem Iron Co.*, 83 N. Y. 378; *Mooney* v. *Elder*, 56 N. Y. 238; *Moses* v. *Bierling*, 31 N. Y. 462; *Mengel* v. *Lawrence, supra; L'Ecluse* v. *Field*, 154 App. Div. 685; *Weiss* v. *Schwartz*, N. Y. L. J. Dec. 7, p. 1642, col. 7; *Friend* v. *Jetter*, 19 Misc. 101; *Steele* v. *Lippman*, 115 N. Y. S. 1099.)

*Ansorge* v. *Kane* (244 N. Y. 395), cited by defendant, is not applicable. That was an action for specific performance and involved a determination of whether a memorandum was sufficient under the Statute of Frauds. The court held that the provision in the memorandum that the amount to be paid on the signing of the contract was to be agreed upon later, left an essential element of the contract open and that, therefore, the memorandum was insufficient to constitute a complete agreement.

In the case of *Ellman* v. *Fischer Spring Co.* (*supra*), a prospective buyer produced by a broker offered $40,000 all cash for the property sought to be sold. The seller accepted the offer but

thereafter refused to proceed with the transaction. Although there was no meeting of the minds on any detail other than the purchase price, the court held the broker was nevertheless entitled to his commission.

The court, therefore, determines that in an all cash transaction, where a broker produces a buyer, ready, willing, and able to pay the price fixed by the seller, that the broker has complied with the terms of his employment. (*Mengel* v. *Lawrence, supra; Ellman* v. *Fischer Spring Co. supra*.) No further act on his part is required in order to entitle him to his commission.

The motions of the defendant to dismiss the complaint are denied. The defendant having chosen to offer no testimony to contradict plaintiff's proof, the court credits plaintiff's evidence. Judgment for plaintiff as demanded in the complaint.