■ TRYLON REALTY CORP., Respondent, v. NICHOLAS DI MARTINI et al., Appellants. — In an action to recover brokerage commissions for the leasing of real property, defendants appeal from a judgment of the Supreme Court, Queens County, entered November 18, 1970, in favor of plaintiff against defendant Nicholas Di Martini and also dismissing the complaint as to defendant Louisa Di Martini, after a nonjury trial. Appeal by defendant Louisa Di Martini dismissed, without costs. She is not an aggrieved party. Appeal by defendant Nicholas Di Martini dismissed insofar as it is from the portion of the judgment which dismissed the complaint as to his codefendant, without costs. He is not aggrieved by this part of the judgment. Judgment affirmed insofar as it is against defendant Nicholas Di Martini, with costs. Plaintiff was hired to procure the main tenant for a proposed shopping center to be erected on the land owned by defendant Nicholas Di Martini in the Borough of Queens, City of New York. Precise terms of the lease were left open, but the customary percentage for the broker's commission was settled upon. Thereafter plaintiff produced Food Fair Stores as the prospective tenant. Negotiations progressed to a point where the parties agreed, among other things, upon the size of the store, the rental per square foot and the term of the lease. They also agreed on locating the store in the front of the property, as required by the Board of Standards and Appeals of the city as a condition

for granting a variance for a parking field in the rear of the store. At that point, after an informal assurance had been received from the board that the application would be approved as amended, Mr. Di Martini arbitrarily withdrew it. To plaintiff's protest Mr. Di Martini's only explanation was that he would make it up to him. Mr. Di Martini seeks to avoid liability to plaintiff on the theory that when he withdrew his application there had been no complete meeting of minds, since many important points remained to be discussed and settled. We may concede the absence of a complete accord between the principals, but the law is well settled that a party may not take advantage of his own wrong in terminating negotiations in bad faith to prevent plaintiff from fulfilling his undertaking (*Goodman* v. *Marcol, Inc.*, 261 N. Y. 188; *Westhill Exports* v. *Pope* 12 N Y 2d 491). It was held in *McWilliams* v. *Mulgrew* 204 Misc. 561, affd. 205 Misc. 90) that where additional terms remain to be agreed upon, a defendant who is sued for a commission cannot be heard to complain where it was her own act which prevented the natural progress of the transaction. *Kaelin* v. *Warner* (27 N Y 2d 352) is distinguishable from the instant case. The Court of Appeals was careful to point out in the last paragraph of its opinion that there was no evidence in the record to justify the finding of bad faith on the part of the seller. This contrasts markedly with the arbitrary and capricious actions of the seller herein. That this deal might have foundered on a geniune disagreement between the parties, in which case there would have been no liability, does not alter the consequences when the seller's actions prevented any possibility of finalizing an agreement. Hopkins, Acting P. J., and Gulotta, J., concur; Benjamin, J., concurs, with the following separate memorandum: In my opinion, plaintiff earned its brokerage commission because there had been a meeting of the minds upon the essential terms of the lease before defendant Nicholas Di Martini withdrew the variance application arbitrarily and in bad faith. For that reason I agree that the judgment insofar as it is in plaintiff's favor should be affirmed. Munder and Martuscello, JJ., concur in the dismissal of the appeal by defendant Louisa Di Martini and the partial dismissal of the appeal by defendant Nicholas Di Martini, but otherwise dissent and vote to reverse the judgment insofar as it is against defendant Di Martini and to dismiss the complaint as to him, with the following memorandum: The right of a real estate broker to commissions does not accrue until the parties have reached a meeting of the minds with respect to all essential terms of the transaction (*Sibbald* v. *Bethlehem Iron Co.*, 83 N. Y. 378, 382; *Kaelin* v. *Warner*, 27 N Y 2d 352; *Matter of Altz*, 274 App. Div. 894, affd. 300 N. Y. 607; *Thoens* v. *Kennedy Realty Corp.*, 279 App. Div. 216, affd. 304 N. Y. 753). In our opinion, plaintiff has failed to sustain its burden of proof with respect to such a meeting of the minds, particularly in connection with such matters as additional rent to be paid in the event gross sales would exceed a stipulated amount, the quality of construction of the building, the permisssible types of stores to be permitted in the shopping center and the commencement and completion dates for the construction of the building. Such matters may not be deemed to be inconsequential.